No. 87-559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JUNE ENRIGHT,

Defendant and Appellant.


APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James G. Hunt, Helena, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Patricia J. Schaeffer, Asst. Atty. General, Helena
Marvin W. Quinlan, Jr., County Attorney, Forsyth,
Montana


Submitted on Briefs: June 22, 1988

Decided: August 11, 1988

Filed: AUG 1 1 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Following trial by jury in the District Court of the Sixteenth Judicial District, Rosebud County, Enright was convicted of aggravated assault, a felony. This appeal followed. We reverse.

The issues before the court are:

1. Was Enright denied effective assistance of counsel?

2. Did Enright voluntarily, knowingly and intelligently waive her right to counsel?

On July 21, 1986, following completion of her shift as a bartender, Enright remained in the Ashland bar as a patron. At approximately 10:30 p.m., Enright's former stepdaughter, Georgia Wilson, and several other people congregated in the street outside the bar. A heated and vulgar exchange ensued shortly thereafter.

As the local county attorney had prohibited Wilson from entering the bar or standing on the sidewalk outside the bar as a result of prior conflicts, the Wilson group remained in the street hurling insults. However, Enright apparently became fed up with the harassment. Shouting "I'll scare you," Enright came out of the bar and fired a .38 caliber pistol in Wilson's direction three times.

At approximately 11:30 p.m., two deputy sheriffs arrived on the scene. They were met by Evette Archambault, a member of the Wilson group, who informed them that Enright had fired shots at Wilson. Following a brief discussion with Enright, the deputies arrested Wilson on a theft warrant from Big Horn County and told the remainder of the Wilson group to leave the bar area. They then proceeded toward Colstrip with Wilson in custody.

Shortly after leaving Ashland, the deputies again received a call that shots had been fired outside the Ashland bar. On their return, they ascertained that a fight had taken place between Enright and Archambeault which resulted in Enright suffering a bite wound on the eye brow. Enright fired another shot immediately after the fight. No one was injured in either shooting incident.

Following her arrest, Enright was charged by information with two counts of aggravated assault. The District Court appointed counsel to represent her on August 4, 1986.

Initially, counsel appears to have been actively involved in the case. However, problems later developed. On April 29, 1987, 13 days before trial, Enright appeared in chambers requesting removal of her court-appointed attorney. Upon submission of a written request, the court granted her wish the same day. At that time, she was advised that substitute counsel would not be appointed.

Pursuant to a motion of the county attorney's office, the court subsequently held a hearing to determine Enright's competency to represent herself, pro se. At that time, Enright indicated that she did not want to represent herself, nor did she think she was competent to do so, but felt that she had little choice in light of the court's refusal to appoint substitute counsel. She did not request a specific replacement.

The essence of Enright's complaint is that the client-attorney relationship had deteriorated to the point of animosity upon her refusal to accept a proposed plea bargain. Enright testified that following rejection of the plea bargain she felt counsel had violated the confidentiality of the relationship by contacting a number of her friends and relatives in order to pressure her into acceptance. Counsel also failed to appear at a meeting in which she had assembled

all her witnesses and had failed to contact a witness she deemed crucial to her case. When Enright appeared at counsel's office pursuant to appointment, he twice informed her in no uncertain terms that he had more important things to do and did not want to see her. In addition, the record indicates that counsel had failed to subpoena witnesses for the trial at the time of the discharge and that no action had been taken for several months.

Enright had responded to counsel's conduct by filing a complaint with the Commission on Practice sometime prior to the request for dismissal of counsel.

Following completion of Enright's testimony, the District Court determined that Enright was competent to represent herself and that she had made a knowing and voluntary waiver of her right to counsel. However, the court did not question Enright about her complaints concerning counsel; nor did counsel appear to answer her accusations; inform her of the hazards of self-representation; nor hold an independent hearing to determine whether Enright had received effective representation and whether the relationship was such that Enright would receive effective representation in the future.

Art. II, § 24 of the 1972 Montana Constitution, and the right to a fair trial inherent in the due process clause of Art. II, § 17, guarantee a defendant charged with a crime the right to assistance of counsel. State v. Robbins (Mont. 1985), 708 P.2d 227, 42 St.Rep. 1440; State v. Lundblade (Mont. 1984), 691 P.2d 831, 41 St.Rep. 2208. The right is fundamental. It applies to all persons with equal force, regardless of the person's ability to compensate the attorney. If indigent, counsel shall be provided by the state. Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Further, the mere fact of representation by counsel is not per se sufficient. In order to give meaning to the constitutional guarantees, the assistance must be effective. State v. McElveen (1975), 168 Mont. 500, 503, 544 P.2d 820, 822. Only then, can the right to the assistance of counsel, and the right to a fair trial, have true meaning.

However, the defendant's right to assistance of counsel does not vest the accused with the right to counsel of his choice. State v. Pepperling (1978), 177 Mont. 464, 472, 582 P.2d 341, 346. Nor does the right prohibit a defendant from rejecting the assistance of counsel. State v. Strandberg (Mont. 1986), 724 P.2d 710, 43 St.Rep. 1591. "When his appointed counsel is rendering effective assistance, the defendant has the choice of: (1) continuing with the counsel so appointed, or (2) having his counsel dismissed and proceeding on defendant's own, pro se." Pepperling, 177 Mont. at 473, 582 P.2d at 346.

In the instant case, Enright argues that the District Court's failure to hold a hearing in order to determine the validity of her claims is reversible error; that the failure to make such a determination, in effect, deprived her of the opportunity to make a meaningful choice to proceed pro se, thus infringing on the right to effective assistance of counsel and the right to a fair trial. We agree.

In Faretta v. California (1975), 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, the U.S. Supreme Court reasoned that since it was the defendant and not the lawyer who would bear the consequences of a conviction, it was the defendant "who must be free personally to decide whether in his particular case counsel is to his advantage." Freedom of choice for the defendant between counsel and self-representation is a condition to the voluntariness of a waiver of counsel.

- 5 -

While the right to assistance of counsel is subject to waiver, it must be the product of a free and meaningful choice. Moore v. Michigan (1957), 355 U.S. 155, 164, 78 S.Ct. 191, 196, 2 L.Ed.2d 167, 172. A criminal defendant may be asked, in the interest of orderly procedures, to choose between waiver and another course of action as long as the choice presented him is not constitutionally offensive. However, if the choice presented is constitutionally offensive, the choice cannot be voluntary. A defendant may not be forced to choose between proceeding with ineffective counsel or proceeding pro se. Such a set of options is in essence no choice at all.

The accused has a right to "meaningful client-attorney relationship" with her attorney. State v. Long (1983), 206 Mont. 40, 46, 669 P.2d 1068, 1071-1072. Upon a showing of a seemingly substantial complaint about counsel, the District Court should conduct a hearing to determine the validity of the defendant's claims. State v. Boyer (Mont. 1984), 208 Mont. 258, 676 P.2d 787. A substitution of counsel should be made "where it appears the failure to do so would substantially impair or deny the right [to] assistance of counsel." Peters v. State (1961), 139 Mont. 634, 636, 366 P.2d 158, 159.

In the instant case, Enright presented seemingly substantial complaints. However, the District Court's failure to conduct a hearing prohibits informed appellate review of the validity of her contentions. The further requirement by the District Court that she accept the counsel she had, or proceed pro se gave her only a Hobson's choice. We therefore reverse and remand with instructions to appoint substitute counsel. The issue of waiver need not be addressed.

_____
John C. Sheehy
                Justice

We Concur:

_____
                Chief Justice

_____

_____

_____
                Justices

- 7 -