No.  90-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

FRANK BELMAREZ,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Arthur J. Thompson; Thompson & Sessions, Billings,
Montana.

    For Respondent:

        Hon. Marc Racicot, Attorney General, State of
Montana, Helena, Montana;  Elizabeth Griffing,
Assistant Attorney General, Helena, Montana;
Dennis Paxinos, Yellowstone County Attorney,
Billings, Montana; Brent Brooks, Deputy Yellowstone
County Attorney, Billings, Montana.

**FILED**

MAY 3 0 1991

Submitted on briefs:  April 11, 1991

Decided:  May 30, 1991

Filed:
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
            Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The defendant Frank Belmarez appeals the judgment and commitment of the Montana Thirteenth Judicial District Court, Yellowstone County, sentencing him to forty-five years in the Montana State Prison and designating him a dangerous offender. The sole issue to be determined is whether the District Court erred in designating the defendant a dangerous offender. We remand the case for further findings.

The defendant was charged by information for stabbing to death his wife, Vicki Espinoza, and for assaulting his sister, Jolene Belmarez, with the same weapon. At the sentencing hearing the defendant described the fight. He had left his wife a few days before the attack. The day of the incident, he returned to her apartment to get some clothes and tried to talk with his children. Vicki became angry and asked him to leave. He left and went to a bar. She followed him to the bar, arriving a few minutes later. The couple went outside the bar and began to argue and then to wrestle. Jolene intervened to help Vicki. At some point in the altercation the defendant stabbed both Vicki and Jolene.

On May 10, 1990 the defendant plead guilty to mitigated deliberate homicide, aggravated assault, and escape. On June 27, 1990, the District Court sentenced Belmarez on Count I to a term of thirty-five years for mitigated deliberate homicide, plus an additional ten years for the use of a weapon; on Count II, the aggravated assault, to a term of fifteen years, plus an additional ten years for the use of a weapon; and on Count III, the escape,

to a term of ten years, said sentences to run concurrently with each other. The District Court also found that the defendant did not qualify to be treated as a nondangerous offender pursuant to § 46-18-404(3), MCA, and ordered that the defendant be designated a dangerous offender.

The sentencing court's designation of an offender as either nondangerous or dangerous is an important factor in determining parole eligibility. See § 46-23-201(2), MCA. Designation as a nondangerous offender is governed by § 46-18-404(3). The statute provides in pertinent part:

> (1) . . . the sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under part 2 of chapter 23 if:
> (a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and
> (b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, <u>that the offender does not represent a substantial danger to other persons or society</u>.
> . . .
> (3) If the court determines that an offender is a dangerous offender, <u>it shall make that determination a part of the sentence imposed and shall state the determination in the judgment</u>. . . . [I]f the sentence and judgment do not contain a determination that the offender is a dangerous offender, the offender is considered to have been designated as a nondangerous offender for purposes of eligibility for parole.

Section 46-18-404, MCA. (Emphasis added.)

In its Judgment and Commitment, the District Court gave the following reasons for the sentence imposed:

1. The Court has considered the contents of the

presence report.

2.  The Court has considered the plea-agreement entered into.

3.  The Court has considered the fact that Defendant has no prior felony convictions.

4.  The Court feels that the defendant is sincerely remorseful for this crime.

5.  The Court has taken into consideration the victims of this matter.

6.  The Court feels that the defendant is a danger to society.

At the sentencing hearing, the District Court also discussed its determination that the defendant be designated as dangerous:

> You are hereby designated as a dangerous offender because I believe you to be a danger. I recognize that you have no prior record, but in taking into account both the mother-in-law and the sister's statements I do make that designation.

According to this statement, the apparent bases for the designation were the statements of the defendant's mother-in-law and sister in letters included in the presentence report. The court noted the content of these letters:

> Your sister says that she feels bad about what happened. "I feel like it is mostly my fault. It hurts me to know my sister-in-law will never come back, and it also hurts to know that my brother will be in jail a long time. At first I was angry with him, but I got to accept what happened and that it wasn't my fault. I still love my brother though."
> . . . Now the Espinoza letter is much different. She was the mother of Vicki, and she worries, fears, and she doesn't express any sorrow for you.

Under § 46-18-404, MCA, "an individual may be designated a dangerous offender, if, in the discretion of the sentencing court, he is determined to represent a substantial danger to other persons

4

or society; however, more than a mere recital of the statutory language is required. The sentencing court must articulate its reasons underlying its determination." State v. Ford (1985), 218 Mont. 215, 221, 707 P.2d 16, 20; Matter of McFadden (1980), 185 Mont. 220, 222, 605 P.2d 599, 600; see also State v. Camitsch (1981), 192 Mont. 124, 140, 626 P.2d 1250, 1258-9. Our review of the record here indicates that the District Court failed to articulate its reasons for the dangerous offender designation. The court set forth its reasons for the sentence imposed in its Judgment and Commitment Order and then concluded that "[t]he Court feels that the defendant is a danger to    society." Among the reasons for the sentence, the court did state that it "has taken into consideration the victims of this matter." This alone is insufficient to conclude that the defendant is a danger to society. Absent an articulated reason for the designation, the reasons given by the District Court as a whole might as easily support a nondangerous designation.

The defendant argues that there is no substantial credible evidence in the record to support a dangerous offender designation and that this Court should reverse and order that the defendant be designated a nondangerous offender. We disagree. Where the record below reveals substantial evidence to support a sentencing court's determination that an offender is dangerous, this Court has remanded the cause to the district judge for findings to support such a conclusion. Ford, 707 P.2d at 20; Camitsch, 626 P.2d at 1259. Without such findings, this Court cannot determine if there

is an abuse of discretion. <u>Ford</u>, 707 P.2d at 20. Here, the letter from the victim's mother in the presentence report indicates that she is afraid the defendant will harm her family or the defendant's and victim's children:

> If Frank should go free, I know we will never feel safe again. We will be worrying if he will try and get one of us and take the kids away, to do harm. We fear for the safety of our lives and the safety of the kids.

Also, this Court has held that the serious and vicious nature of a crime may be sufficient reason for designating a person a dangerous offender. See, e.g, State v. Mazurkiewicz (Mont. 1990), 799 P.2d 1066, 1069, 47 St.Rep. 1962, 1965-6; State v. Bell (1987), 225 Mont. 83, 95, 731 P.2d 336, 343-4. Thus, while there is substantial evidence on the record in this case, because the court failed to articulate its reasons in the judgment, we cannot determine whether the District Court abused its discretion in designating the defendant a dangerous offender. See <u>Ford</u>, 707 P.2d at 20. Accordingly, we remand this case to the District Court for further proceedings consistent with this opinion.

**REMANDED** for further proceedings.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

6