No. 91-459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,

        Plaintiff and Respondent,

v.

JAMES MORRISON,

        Defendant and Appellant.

FILED

MAR 18 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William F. Hooks, Appellate Defender Officer,
            Helena, Montana

        For Respondent:

            Hon. Marc Racicot, Attorney General, Patricia J.
            Jordan, Assistant Attorney General, Helena,
            Montana; Dennis Paxinos, Yellowstone County
            Attorney, Shelley Briney and Brent Brooks,
            Deputy County Attorneys, Billings, Montana

Submitted on Briefs:  December 22, 1992

Decided:  March 18, 1993

Filed:

Clerk

Justice Willaim E. Hunt, Sr., delivered the opinion of the Court.

Appellant James Morrison appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County, convicting him of the offense of sexual intercourse without consent, a felony, and the court's designation of appellant as a "dangerous offender" for the purposes of parole.

We affirm in part and remand.

Appellant presents two issues for this Court's consideration:

1. Did the District Court err in failing to hold a hearing regarding appellant's request for appointment of substitute counsel, thereby denying him effective assistance of counsel?

2. Did the District Court err in failing to articulate its reasons for designating appellant as a "dangerous offender" for purposes of eligibility of parole as required by § 46-18-404, MCA?

Appellant was charged with sexual intercourse without consent on September 14, 1990. At the arraignment hearing held on September 18, 1990, attorney John Adams was appointed to represent appellant. Appellant pleaded not guilty to the charge and remained incarcerated until trial began on February 26, 1991.

After being incarcerated for approximately six weeks, on October 29, 1990, appellant wrote to the District Court Judge expressing his dissatisfaction with Adams' legal representation. In his letter, appellant complained that he had not been able to contact his court-appointed counsel to discuss the case and requested the court appoint him new counsel. On November 1, 1990, the District Court Judge directed Adams to see both the court and

appellant about the matter and provided Adams with a copy of appellant's letter. No hearing was held on the matter and Adams continued as appellant's court-appointed counsel. Adams did not file any motions or a trial brief, and did not subpoena any witnesses on appellant's behalf.

Following a jury trial, appellant was found guilty of the crime charged. The court ordered a presentence investigation report and set a sentencing date of March 20, 1991.

On the day of sentencing, appellant made a second request for new appointment of counsel to represent him at the sentencing and on appeal. The minute entry reflects that the court denied the request and postponed sentencing until April 3, 1991.

On April 3, 1991, the court appointed Art Thompson as co-counsel and postponed sentencing until April 10, 1991.

Sentencing was held on April 10, 1991, at which time Adams asked to be relieved as counsel and that new counsel be appointed, and the request was granted. The court imposed a sentence of 20 years imprisonment, with an additional three years for use of a weapon, to be served consecutively. The court designated appellant as a dangerous offender for purposes of parole eligibility. This Court appointed counsel for the purposes of this appeal.

I.

Did the District Court err in failing to hold a hearing regarding appellant's request for appointment of substitute counsel thereby denying him effective assistance of counsel?

3

Appellant argues that the trial court's failure to hold a hearing upon his requests for appointment of new counsel warrants a reversal of the conviction. We have stated that it is within the sound discretion of the trial court to rule on the substitution of counsel and that we will not overturn a decision absent a showing of an abuse of discretion. State v. Martz (1988), 233 Mont. 136, 139, 760 P.2d 65, 67. A defendant has the right to a "meaningful client-attorney relationship" with his attorney. State v. Enright (1988), 233 Mont. 225, 229, 758 P.2d 779, 782 (quoting State v. Long (1983), 206 Mont. 40, 46, 669 P.2d 1068, 1071-72). Upon a showing of a seemingly substantial complaint about counsel, the district court should conduct a hearing to determine the validity of defendant's claim. Enright, 758 P.2d at 782. When the district court considers a motion for substitution of counsel, it must adequately inquire into the complaint of the defendant and must discover whether the conflict was so great that it resulted in a total lack of communication. Martz, 760 P.2d at 67.

Appellant contends that the District Court has an affirmative duty to hold an evidentiary hearing upon a defendant's motion for substitution of counsel pursuant to Enright, 758 P.2d at 782. In Enright, the defendant appeared before the district court 13 days before trial requesting substitution of counsel on the basis that the client-attorney relationship had deteriorated to the point of animosity, that counsel had violated the confidentiality of the relationship, that counsel failed to appear at a meeting in which defendant had assembled all of her witnesses, and had failed to

4

contact a witness defendant had deemed crucial to the case. The court granted the motion and told defendant that she would have to represent herself pro se. Pursuant to a motion by the county attorney's office, the court subsequently held a hearing to determine defendant's competency to represent herself. After the hearing, the court determined that she was competent to represent herself. The court failed to question defendant about her complaints concerning counsel, and counsel did not appear to answer the accusations. The court also failed to inform defendant of the hazards of self-representation. We held that it was reversible error because the District Court failed to hold a hearing in order to determine the validity of defendant's claims which in effect deprived her of the opportunity to make a meaningful choice to proceed pro se. This failure infringed upon defendant's right to effective assistance of counsel and a fair trial. Enright, 758 P.2d at 782.

In this instance, the appellant wrote a letter to the District Court approximately four months prior to trial requesting substitution of counsel because Adams had not yet spoken to him regarding the preparation of defense. The court told counsel to speak with his client and with the court regarding the matter. No hearing or subsequent action was taken until after the trial. Appellant did not make another request for a substitution of counsel until after his conviction during the sentencing hearings. At the April 10, 1991, sentencing hearing, Adams stated to the court:

5

MR. ADAMS: Mr. Morrison is a man of Indian descent, as the Court notes. He is a man who has always been cooperative with me.

When in the County Jail we visited a number of times and he has always been interested in trying to maintain and prove his innocence. At one time I presented to him and showed him that the County Attorney's Office was filing notice of persistent felony offender status. He informed me he wasn't interested in that fact because he was innocent. He has maintained his innocence throughout. It is hard to believe that he would not allow me to plea bargain or do anything because he insisted he was innocent.

This testimony reveals that appellant and Adams did meet on several occasions and discussed the case, which demonstrates that they had a "meaningful relationship" and that there was not a total breakdown of communication. Adams followed appellant's wishes to not accept a plea bargain. It can be inferred from the facts that after the District Court's initial inquiry into appellant's complaint, any communication problems were resolved between appellant and Adams because appellant did not follow through on his complaint until sentencing. Unlike Enright, appellant did not proceed through trial without counsel nor did appellant present seemingly substantial complaints as those contained in Enright. The omnibus hearing indicated that appellant would rely on a general denial defense and would take the stand on his behalf. Other than the witnesses called by the State, appellant has not named a witness whom he could have called on his behalf. Moreover, appellant has not alleged which pretrial motions could have been raised. A careful review of the trial transcript indicates Adams

6

was prepared and conducted an adequate defense and appellant was not denied effective assistance of counsel.

With regard to the court's denial of substitution of counsel at the sentencing hearing, the court did appoint co-counsel for appellant at the second hearing in which Adams did not appear, and postponed sentencing another week. At the time of sentencing, the court granted Adams' request to be dismissed as court-appointed counsel. We hold that the District Court's inquiry was sufficient and that it did not err in failing to substitute appointed counsel.

## II.

Did the District Court err in failing to articulate its reasons for designating appellant as a "dangerous offender" for purposes of eligibility of parole as required by § 46-18-404, MCA?

The designation of an offender as either nondangerous or dangerous is an important factor in determining parole eligibility. Section 46-18-404, MCA, governs the designation of nondangerous or dangerous offender. In State v. Belmarez (1991), 248 Mont. 378, 381, 812 P.2d 341, 343, we stated:

> [A]n individual may be designated a dangerous offender, if, in the discretion of the sentencing court, he is determined to represent a substantial danger to other persons or society; however, more than a mere recital of the statutory language is required. The sentencing court must articulate its reasons underlying its determination.

During the sentencing hearing, the District Court stated its reason for designating appellant a dangerous offender:

> And you admit that you have been convicted of a felony and, in my mind, I will have to designate you as a dangerous offender for these purposes. I refuse to even consider the other matter because it wasn't brought

7

up to me until this time, persistent felony offender. I do nothing and do not consider it. The dangerous offender is a different section.

The Judgment and Commitment order contain the following statements:

Defendant is designated a dangerous offender for purposes of parole, in accordance with Section 46-18-404, Montana Code Annotated, and meets the requirements of that regulation.

Sentence was imposed for the following reasons:

1. The Court has considered the contents of the presentence report.

2. The Court has considered the nature and seriousness of the offense.

The above statements are nothing more than a recitation of the statutory requirement. The reasons stated in this case are even less detailed than those used in Belmarez. In addition, the court made no finding as to whether appellant represented a substantial danger to other persons or society. See Section 46-18-404(1)(b), MCA.

Where there is substantial evidence to support a court's determination that an offender is dangerous, this Court has remanded the case to the district court for findings to support such a conclusion and without those findings this Court cannot determine whether there is an abuse of discretion. Belmarez, 812 P.2d at 343. We cannot determine whether there was an abuse of discretion unless the District Court articulates its reasons for the designation of dangerous offender status. Therefore, we remand

8

this case to the District Court for further proceedings on designating appellant as a dangerous offender.

We affirm in part and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

March 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


William F. Hooks
Appellate Defender
Capitol One Center
208 North Montana Ave.
Helena, MT 59620

HON. MARC RACICOT, Attorney General
Patricia J. Jordan, Assistant
Justice Bldg.
Helena, MT 59620

DENNIS PAXINOS, County Attorney
Shelley Briney, Deputy County Attorney
P.O. Box  35025
Billings, MT 59107


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy