No.   92-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JOHN BUFFALO,

       Defendant and Appellant.

FILED

OCT 14 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          L. Sanford Selvey, II, Yellowstone County Public
Defender, Billings, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, John
Paulson, Ass't Attorney General, Helena, Montana

          Dennis J. Paxinos, Yellowstone County Attorney,
Billings, Montana

Submitted on Briefs: September 16, 1993

Decided:  October 14, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John Buffalo appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, designating him a dangerous offender. We affirm.

The sole issue on appeal is whether the District Court adequately articulated its reasons for designating Buffalo a dangerous offender under § 46-18-404, MCA.

On October 31, 1991, an information was filed against John Buffalo (Buffalo) alleging one count of attempted sexual intercourse without consent and one count of attempted kidnapping. According to the affidavit filed in support of the information and the evidence introduced at trial, at approximately 9:35 a.m. on October 27, 1991, Buffalo attacked G.M. from behind and hit her in the face with his closed fist. He then carried her between a row of parked cars, where he threw her to the ground and attempted to tear her clothes off. A Yellowstone County deputy sheriff observed the incident by chance and interceded; Buffalo fled the scene.

Buffalo then encountered C.T., who was leaving her car to attend a church service. Buffalo ordered C.T. into the car and then shoved her inside. C.T. began to scream and kick at Buffalo. Deputies in the area saw the altercation, responded, and apprehended Buffalo after a short chase. Neither victim knew Buffalo prior to the attacks.

Following a two-day trial, a jury found Buffalo guilty of attempted sexual intercourse without consent and attempted kidnapping. A presentence report and psychological examination

2

were obtained for sentencing purposes. On September 3, 1992, the District Court sentenced Buffalo to twenty years imprisonment for attempted sexual intercourse without consent and ten years imprisonment for attempted kidnapping. The court ordered the sentences to run concurrently and designated Buffalo a dangerous offender. Buffalo appeals only the dangerous offender designation contained in his sentence.

Did the District Court adequately articulate its reasons for designating Buffalo a dangerous offender under § 46-18-404, MCA?

Under Montana's sentencing provisions, the designation of an offender as either nondangerous or dangerous is an important factor in determining parole eligibility. See § 46-23-201(2), MCA; State v. Belmarez (1991), 248 Mont. 378, 379, 812 P.2d 341, 342. As a general rule, a district court must designate an offender nondangerous if he has no other felony convictions in the preceding five years and it determines that the offender does not represent a substantial danger to other persons or society. Section 46-18-404(1) and (2), MCA. Under § 46-18-404(3), MCA, "[i]f the court determines that an offender is a dangerous offender, it shall make that determination a part of the sentence imposed and shall state the determination in the judgment. . . ." Moreover, we require sentencing courts to articulate the reasons underlying decisions to designate an offender as "dangerous;" more than a mere recital of the statutory language is required. State v. Morrison (Mont. 1993), 848 P.2d 514, 517, 50 St.Rep. 270, 272. Belmarez, 812 P.2d at 342.

In this case, the District Court articulated the following

3

reasons for its sentence and dangerous offender designation:

1.    The Court has considered the contents of the presentence report, as well as the recommendations of counsel.

2.    The Court has considered that a jury, after hearing the evidence, found the defendant guilty on both Counts, each of these serious crimes.    Although the jury had trouble with Count II, the Attempted Kidnapping. [sic]

3.    The Court considered the very nature of these crimes abhorrent in that the defendant had no prior acquaintance with the victims, the time of the offenses being early Sunday morning and the place being relatively deserted at that hour.    The Court knows that both of these totally innocent victims were terrified and justly so.

4.    The Court considered defendant's age and prior criminal record which includes a Felony conviction in 1987 and a Misdemeanor sexual assault.

5.  The Court has considered the psychological evaluation and which it agrees [sic] that it and the other records show a need for alcohol treatment.    The Court is concerned about the defendant's apparent proclivity for violent sexual activity.

6.    While the Court does not believe that the prior felony conviction in June of 1987 necessarily mandates a designation of dangerous, certainly the entire criminal nature and the vicious and serious nature of these offenses as committed justify such designation.

Relying on <u>Morrison</u> and <u>Belmarez</u>, Buffalo argues that the reasons given by the District Court are mere variations of the statutory language of § 46-18-404, MCA, and, therefore, the court did not sufficiently set forth its reasons for designating him a dangerous offender.    <u>Belmarez</u> and <u>Morrison</u> lend no support to Buffalo's argument.

In <u>Morrison</u>, the district court stated only that it had considered the contents of the presentence report and the nature and seriousness of the offense.    Because the record supported a

4

dangerous offender designation, we remanded the case for entry of findings to support that conclusion. Morrison, 848 P.2d at 517-18. In Belmarez, although the district court stated that it had considered the presentence report and the plea bargain and concluded that the defendant was a danger to society, it also stated that the defendant was sincerely remorseful and that he had no prior criminal record. We determined that the court's findings did not support its determination that the defendant was a danger to society; indeed, we stated that the findings just as easily could have supported a nondangerous designation. Belmarez, 812 P.2d at 343.

Here, the District Court did not merely recite the statutory language, but made numerous specific findings applying the statutory factors to the facts of this case. The court detailed the serious and vicious nature of the crimes and the effect on the innocent victims, set forth Buffalo's prior criminal history and explained both the need for alcohol treatment and Buffalo's apparent proclivity for violent sexual activity. The District Court's findings are clearly distinguishable from those in Morrison and Belmarez.

In light of the circumstances of this case, we conclude that the District Court acted within its discretion and adequately articulated its reasons for designating Buffalo a dangerous offender for purposes of parole eligibility.

Affirmed.

Pursuant to Section I Paragraph 3(c), Montana Supreme Court

5

1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

October 14, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

L. Sanford Selvey, II
Yellowstone County Public Defender
2720 3rd Avenue North, Suite 200
Billings, MT 59101

Hon. JOSEPH P. MAZUREK, Attorney General
John Paulson, Assistant
215 N. Sanders, Justice Building
Helena, MT 59620

Dennis James Paxinos
Yellowstone County Attorney
P. O. Box 35025
Billings, MT 59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:
  Deputy