No. 94-286

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

THE STATE OF MONTANA,

      Plaintiff and Respondent,

-v-

JOHN JACOB LORENZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      William Hooks, Helena, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General, Cregg
Coughlin, Asistant Attorney General, Helena,
Montana; Gary Ryder, Deputy Richla'nd County
Attorney, Sidney, Montana

FILED

OCT 20 1994

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: October 13, 1994

Decided: October 20, 1994

Clerk

Justice James C. Nelson delivered. the O'pinion of the Court.

This is an appeal from the entry of the statement of reasons of the Seventh Judicial District Court supporting its prior designation of John J. Lorenz (Lorenz) as a dangerous offender for purposes of parole eligibility. We reverse and remand.

The sole issue on appeal is whether the District Court erred in interpreting § 46-18-404(1), MCA, to require, as a matter of law, that Lorenz be designated as a dangerous offender.

Lorenz, along with a codefendant, was tried and found guilty by a Richland County jury of various felony sex offenses. On appeal of his sentence, we reversed the designation of Lorenz as a dangerous offender and remanded the case to the District Court "for additional findings articulating its reasons for a dangerous or nondangerous designation." State v. Wing and Lorenz (1994) ___ Mont. ___, P.2d ___, 51 St. Rep. 223, 229.

The court did not hold an additional hearing, but, instead, entered a "Statement of Reasons for Court's Designation." The court stated that its "sole reason" for designating Lorenz as a dangerous offender was its interpretation of § 46-18-404, MCA, as requiring such a designation.

Section 46-18-404(1), MCA, provides, in pertinent part:

[T]he sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under part 2 of chapter 23 if:

(a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of

2

imprisonment in excess of 1 year could have been imposed: and

    (b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

The District Court interpreted this statute as requiring a dangerous designation unless the defendant can satisfy the conditions of both (a) and (b)--i.e. that he not have been convicted of nor incarcerated for any felony within the preceding five years and that he does not represent a danger to other persons or society. Since the court found that Lorenz had two prior felony convictions within the last five years, it concluded that he must be designated a dangerous offender as a matter of law. The court did not make any finding concerning whether Lorenz represented a substantial danger to other persons or society.

We review the District Court's conclusions of law to determine whether its interpretation of the law was correct. State v. Christensen (1994), ___ Mont. ___, ___P.2d ___, 51 St. Rep. 542. Here, we hold that the District Court incorrectly interpreted § 46-18-404(1), MCA.

Lorenz argues, and the State concedes, that our decision in State v. Dahl (1980), 190 Mont. 207, 620 P.2d 361, is dispositive of the issue raised in the instant appeal. In that case the defendant had a prior felony within five years of the offense involved in the appeal. The district court, concluding that it was required to do so under the statute, designated Dahl as a dangerous offender at sentencing. Dahl, 620 P.2d at 364-65. We determined

3

that the district court erred and that, while not a model of clarity, the statute is "mandatory only where the circumstances require the sentencing court to sentence one as a nondangerous offender." Dahl, 620 P.2d at 365. We concluded that § 46-18-404(1), MCA, "does not require the judge to designate one as dangerous; rather, it sets forth the circumstances under which the defendant must be designated as nondangerous." Dahl, 620 P.2d at 365.

Under the statute, as interpreted in Dahl, if the defendant satisfies both subsections (a) and (b) of § 46-18-404(1), MCA, then he must be designated as a nondangerous offender for parole eligibility purposes. On the other hand, if the defendant satisfies the prerequisites of only one of the subsections of § 46-18-404(1) then the court may, in its discretion, designate the defendant either dangerous or nondangerous. State v. Miller (1988), 231 Mont. 497, 517, 757 P.2d 1275, 1287.

Here, the court erroneously concluded that it had no discretion and that it was required to designate Lorenz a dangerous offender as a matter of law. Accordingly, no inquiry was made nor were any findings entered or reasons articulated as to whether Lorenz represents a substantial danger to other persons or society. Where the court refuses to exercise its discretion because it erroneously concludes that, as a matter of law, it has none, reversal and remand are required.

The District Court's designation of Lorenz as a dangerous offender is, accordingly, reversed, and this case is remanded with

4

instructions that the court hold a hearing on whether Lorenz represents a substantial danger to other persons or society under § 46-18-404(1)(b), MCA. In addition to any presentence report and the evidence at trial and sentencing hearing, the court shall consider, along with the arguments of counsel, such additional admissible evidence as the defendant and the State may wish to offer. Thereafter the court shall enter its finding designating Lorenz either dangerous or nondangerous for parole eligibility purposes and shall articulate its reasons for such designation. See, § 46-18-404(3), MCA; State v. Buckman (1989), 236 Mont. 37, 40, 768 P.2d 1361, 1363; and State v. Belmarez (1991), 248 Mont. 378, 381-82, 812 P.2d 341, 343-44.

REVERSED and REMANDED for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices