No. 95-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

THE STATE OF MONTANA,

      Plaintiff/Respondent,

  -v-

RONALD EVANS,

      Defendant/Appellant.

FILED

JUL 13 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Jeffrey T. Renz, Montana Defender Project,
Univeristy of Montana, School of Law, Missoula,
Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, Cregg
Coughlin, Assistant Attorney General, Helena,
Montana; Robert McCarthy, Silver Bow County
Attorney, Brad Newman, Deputy Silver Bow County
Attorney, Butte, Montana

                  Submitted on Briefs:  May 11, 1995

                         Decided:  July 13, 1995

Filed:

_____
          Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a designation as dangerous offender by the Second Judicial District Court, Silver Bow County. We remand so the court can articulate its reasons for entering this designation.

The following issues are dispositive of the case:

I. Did the District Court err in relying upon the evidence found in the case record for its designation of dangerous offender?

II. Did the District Court err in failing to articulate its reasons for designating Evans a dangerous offender?

On August 30, 1994, a vehicle driven by Ronald Evans (Evans) veered into the on-coming lane and collided head on with another vehicle driven by Sonnie Holm (Holm). Holm and another adult passenger were seriously injured. The passenger's five month old baby sustained serious head injuries and eventually died as a consequence of the accident.

Evans, whose blood alcohol was .164 an hour after the accident, was charged with one count of negligent vehicular homicide, a felony and two counts of negligent vehicular assault, a misdemeanor. Evans initially pled not guilty, but later changed his plea to guilty pursuant to an agreement with the State.

Evans was freed on bond, but following a disturbance in a vacant lot in Butte, Evans was charged with disorderly conduct and his bond was revoked. He was remanded to the county jail.

On November 21, 1994, the District Court sentenced Evans to ten years on the negligent homicide count and six months on each

2

count of negligent vehicular assault, all time to run concurrently. Evans was also ordered to pay $1,000 fine and $10,000 restitution. Evans was remanded to the custody of the Department of Corrections with a recommendation that he be placed at the Montana State Prison. The court also designated Evans a dangerous offender for purposes of parole eligibility.

Evans filed his appeal on January 12, 1995, appealing his dangerous offender designation.

I.

Did the District Court err in relying upon the evidence found in the case record for its designation of dangerous offender?

Appellant argues that the record does not contain sufficient evidence that he is a dangerous offender. The State disagrees.

> Under § 46-18-404, MCA, "an individual may be designated a dangerous offender, if, in the discretion of the sentencing court, he is determined to represent a substantial danger to other persons or society; however, more than a mere recital of the statutory language is required. . . ." [citations omitted.] Our review of the record here indicates that the District Court failed to articulate its reasons for the dangerous offender designation. . . .
>
> Where the record below reveals substantial evidence to support a sentencing court's determination that an offender is dangerous, this Court has remanded the cause to the district judge for findings to support such a conclusion.

State v. Belmarez (1991), 248 Mont. 378, 381, 812 P.2d 341, 342-43.

The record here indicates that Evans has a dismal and extensive juvenile criminal record. At the time of sentencing Evans was 18 years of age and had already been involved in a negligent vehicular homicide. The felony occurred because Evans

3

was intoxicated while driving and swerved into the oncoming lane of traffic.

Further, the record indicates that while out of jail on bail bond during the vehicular homicide proceedings, he was again arrested for disorderly conduct and resisting arrest. The court indicated that Evans was "incorrigible" and the record bears this out. Further, the record also reflects that he has not sought help with his drinking problem, but continues to drink without considering the consequences of his actions. Nor does he show remorse for the lives that he negatively impacts. These facts are contained in the record and the court should have noted them, all or in part, for its determination that he represented a danger to society.

We hold that the record contains substantial evidence from which the District Court could have drawn support for its dangerous offender designation.

## II.

Did the District Court err in failing to articulate its reasons for designating Evans a dangerous offender?

Evans argues on appeal that the court did not articulate the reasons that it found him to be a dangerous offender. According to Evans, the court had to specifically state why it found him to be a danger to society and could not just mimic the wording of § 46-18-404(1)(b), MCA.

The State argues that the court's statements were adequate according to the statute and our case law.

4

Section 46-18-404(1), MCA, states in pertinent part:

(1) . . . . [T]he sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under part 2 of chapter 23 if:
(a)   during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and
(b)   the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

This statute governs the designation of both nondangerous and dangerous offenders. State v. Wing (1994), 264 Mont. 215, 870 P.2d 1368.

In making a dangerous designation, the court should consider the defendant's persistence in criminal conduct, the defendant's failure with earlier discipline to deter or reform him and whether the defendant is a substantial danger to others or society. State v. Nichols (1986), 222 Mont. 71, 720 P.2d 1157. Also to be considered is the vicious nature of the crime engaged in. Belmarez, 248 Mont. at 382, 812 P.2d at 343.

In making the dangerous offender designation, the district courts must articulate their reasons for imposing a dangerous designation; a mere recital of the statutory language will not be sufficient because we cannot review the court's discretion based upon a mere repetition of the statutory directives. Belmarez, 248 Mont. at 381, 812 P.2d at 343. When a court fails to state its specific reasons and substantial evidence exists for such a finding, we will remand the case in order that the court follow the

5

proper procedure. <u>Belmarez</u>, 248 Mont. at 381, 812 P.2d at 343.

Here, the court made the following conclusions in its judgment:

> That Defendant Ronald Evans is a dangerous offender and is currently a threat to society and confinement in the Montana State Prison in Deer Lodge, Montana is necessary and appropriate for the protection of society and particularly the rehabilitation of the Defendant.
>
> That the Defendant Ronald Evans has been sentenced to Montana State Prison after this Court has fully considered the gravity of the offenses, the punishment permitted by law, the deterrent effect on others, the protection of society while the Defendant is incarcerated, and the possibilities, or lack thereof, of rehabilitation of this Defendant and the Pre-Sentence Report. The Court has also considered the Motive of the Defendant in committing the crime, his lack of cooperation with officials and mitigating circumstances. The age of the Defendant and the Defendant's prior criminal record, including his juvenile record, were also taken into consideration along with the Defendant's lifestyle and his lack of significant goals or work history.

This is merely repetition of the elements as stated in statutory directives and case law. It is not sufficient.

The State argues that this case is analogous to State v. Buckman (1989), 236 Mont. 37, 768 P.2d 1361. There, the court gave the following reasons for making the dangerous offender designation:

> The defendant, since he was 18 years old, has been involved with the criminal law. In 1979, he was given a three (3) year deferred sentence for auto theft. In 1980, he was convicted, by a jury, of Aggravated Assault and Aggravated Kidnapping, felonies, and was given two ten (10) year terms which ran concurrently and was designated a Dangerous offender. He was released from the Montana State Prison in February, 1987 and committed the crime of Deceptive Practices, a felony, by stealing and using stolen credit cards.
> The defendant has demonstrated no evidence or effort to rehabilitate himself and is addicted to alcohol and

6

drugs. His incarceration is necessary for long term in-patient treatment for alcohol and drugs and for the protection of the public.

Buckman, 236 Mont. at 40-41, 768 P.2d at 1363. The Buckman court gave specific facts taken from the record of the case as reasons for making its decision. Buckman is not analogous to the case at hand.

While the court here made its decision "pursuant to Findings and Conclusions set forth above" such is not sufficient reasoning for our review.

Remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices