NO. 95-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CITY OF BILLINGS, STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

JAMES VIRL SMITH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       James V. Smith, Pro Se, Billings, Montana

       For Respondent:

       Hon. Joseph P. Mazurek, Attorney General,
       John Paulson, Ass't Attorney General,
       Helena, Montana

       Mary Jane Knisely, City Attorney's Office,
       Billings, Montana

FILED

FEB 06 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Filed:

Submitted on Briefs: January 9, 1997

Decided: February 6, 1997

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

James Smith appeals from the June 14, 1995 Judgment of the Thirteenth Judicial District Court, Yellowstone County, convicting him and sentencing him to sixty days in jail and payment of fines and costs for driving while under the influence of alcohol, driving with no proof of vehicle insurance, and failure to carry vehicle registration. We reverse and remand.

We consider the following issue on appeal:

Did the District Court err in failing to adequately inquire into Smith's complaints of ineffective assistance of counsel?

Factual and Procedural Background

On November 2, 1993, a Billings Police Officer stopped Smith for speeding. Upon suspicion that Smith was intoxicated, the officer conducted several field sobriety tests. The officer testified that Smith had difficulty following the instructions and performing the tests. Smith failed to produce the vehicle registration or proof of insurance upon request. Smith was arrested and transported to the Yellowstone Detention Center, where a videotaped interview was conducted.

In two separate proceedings initiated in the Billings City Court, Smith was charged with and convicted of driving while under the influence, in violation of § 61-B-401, MCA, and driving with no proof of vehicle insurance, in violation of § 61-6-301, MCA, and failure to carry vehicle registration, in violation of § 61-3-322, MCA. Smith appealed both City Court judgments to the District

2

Court.    The District Court consolidated the appeals.

Smith filed a financial statement and request for appointment of counsel, and the District Court appointed the Yellowstone public defender's office to represent Smith.    Trial *de novo was* set for February 21, 1995. Before trial, Smith's counsel filed a motion to continue the trial, and the District Court reset the trial.

A jury trial was held on June 6, 1995.    Several times during the course of the trial, Smith asked the court for a continuance so that he could get a different attorney, stating that he did not feel his court-appointed attorney was prepared or representing his best interests.    The court denied Smith's requests.    The jury returned verdicts of guilty on all three charges and the court sentenced Smith to sixty days in jail for the DUI charge, with all but three days suspended on certain conditions which included payment of jury costs incurred in the City Court and District Court trials.    The court sentenced Smith to pay certain fines and surcharges for the convictions of driving with no vehicle insurance and failure to carry vehicle registration.

<u>Standard of Review</u>

We have held that motions for continuance are addressed to the discretion of the district court and are reviewed on appeal for abuse of discretion.    Section 46-13-202, MCA; State v. Haskins (1992), 255 Mont. 202, 207, 841 P.2d 542, 545 (citing State v. LaPier (1990), 242 Mont. 335, 790 P.2d 983).    Likewise, it is within the sound discretion of the trial court to rule on the substitution of counsel and we will not overturn a decision absent

3

a showing of an abuse of discretion.  State v. Morrison (1993), 257 Mont.  282, 284, 848 P.2d 514, 516; State v. Martz (1988), 233 Mont. 136, 139, 760 P.2d 65, 67.

## Issue

Did the District Court err in failing to adequately inquire into Smith's complaints of ineffective assistance of counsel?

Smith alleges that the District Court erred in failing to hold a hearing on his complaints of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to the assistance of counsel.  The right to counsel is fundamental and applies with equal force to all persons, regardless of their ability to compensate an attorney.  State v. Enright (1988), 233 Mont. 225, 228, 758 P.2d 779, 781 (citing Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799).   The assistance must be effective in order to give true meaning to that right and to the right to a fair trial.  See Enrisht, 758 P.2d at 781 (citing State v. McElveen (1975), 168 Mont. 500, 503, 544 P.2d 820, 821-22).

A defendant is entitled to a hearing on the issue of ineffective assistance of counsel where the defendant presents a "seemingly substantial complaint" about effective assistance. If the defendant presents a "seemingly substantial complaint" the court should hold a hearing on the request for substitution of counsel.  State v. Kills On Top (Mont. 1996), 928 P.2d 182, 190, 53 St.Rep. 1197, 1204; State v. Weaver (1996), 276 Mont. 505, 511, 917

4

P.2d 437, 441; State v. Finley (1996), 276 Mont. 126, 143, 915 P.2d 208, 218; Morrison, 848 P.2d at 516.

We have held that the threshold issue in determining whether a "substantial complaint" exists is "not whether counsel was ineffective, but whether the District Court erred in failing to make an adequate inquiry into [a defendant's] claim of ineffective assistance of counsel." Weaver, 917 P.2d at 441. In determining if the defendant presented a seemingly substantial complaint about counsel, "it follows that the district court must make an adequate inquiry into the defendant's complaints." Finley, 915 P.2d at 219.

In those cases where this Court has found a district court's inquiry into a defendant's complaints about counsel adequate, the district court considered the defendant's factual complaints together with counsel's specific explanations addressing the complaints. State v. Craig (1995), 274 Mont. 140, 906 P.2d 683; Morrison, 848 P.2d 514.

In Craig, this Court found that the district court had adequately inquired into the defendant's complaints by considering Craig's complaints together with counsel's explanation of the attorney-client relationship. Craig's lack of cooperation with counsel, his failure to allege any facts in support of his motion, and the specific explanation by Craig's counsel concerning Craig's allegations supported the district court's finding that no hearing was warranted on Craig's effective assistance of counsel complaint. Craig, 906 P.2d at 689-90.

In Morrison, the defendant wrote a letter to the judge four

5

months before trial expressing his concern that counsel had not yet contacted him. Morrison, 848 P.2d at 516. The judge contacted counsel and requested that he speak to the defendant. The defendant made no further complaints until sentencing. Morrison, 848 P.2d at 516. Upon the defendant's complaint at the sentencing hearing, the court questioned counsel who recounted to the court specific discussions he had had with the defendant. Morrison, 848 P.2d at 516. The substance of the discussion convinced the district court that there had not been a breakdown of communication between attorney and client. Relying on counsel's comments and the fact that the defendant failed to reiterate his complaints at trial, the district court held that the defendant's complaints did not warrant a hearing. This Court held that the district court adequately inquired into Morrison's complaints. Morrison, 848 P.2d at 517.

If a district court fails to address a defendant's complaints regarding effectiveness of counsel, the court may place a defendant in the untenable position of choosing between proceeding with ineffective counsel or proceeding pro se. "Such a set of options is in essence no choice at all." Craig, 906 P.2d at 689 (citing Enriaht, 758 P.2d at 782).

This Court has found reversible error where a district court fails to make an initial inquiry into a defendant's complaints about counsel. In Enrisht, this Court held that it was reversible error for the district court to fail to question defendant about her complaints concerning counsel before allowing her to proceed

pro se. This error, in effect, deprived Enright of the opportunity to make a meaningful choice to proceed pro se. _Enright_, 758 P.2d at 782.

In another case, this Court found the lower court record "devoid of any indication that the court made even a cursory inquiry into [the defendant's] complaints about his counsel's representation." _Weaver_, 917 P.2d at 441. The district court had not considered or ruled upon the defendant's motion to "relieve" counsel; rather the court indicated that Weaver could pursue his allegations through habeas corpus proceedings. _Weaver_, 917 P.2d at 441. We remanded the case so that the district court could make an adequate inquiry into Weaver's allegations and determine if he had presented substantial complaints.

Finally, in _Finley_, we held that in determining whether Finley presented substantial complaints about the effectiveness of his counsel, the district court should have inquired into the complaints and made "some sort of a critical analysis at the time the motion was filed." _Finley_, 915 P.2d at 219.

Finley complained about his counsel in a motion for change of venue, listing several factual reasons to support his allegations. _Finley_, 915 P.2d at 218. The district court denied Finley's motion without a hearing. After trial, in which Finley was found guilty of burglary and sexual intercourse without consent, Finley wrote a letter to the county attorney's office alleging that his counsel was ineffective, that counsel refused to discuss terms of an appeal and refused to speak with him at all. _Finley_, 915 P.2d at 212.

7

After the State moved the district court for a hearing on the ineffective assistance claim, the court held a post-trial hearing in which it found that Finley's counsel had rendered effective assistance.  _Finley_, 915 P.2d at 212.

In a post-conviction petition Finley alleged that the district court erred in failing to conduct a hearing on his complaints of ineffective assistance alleged in his motion to change venue.  The State argued that the district court's duty to grant a hearing on substantial complaints of ineffective assistance of counsel extended only to motions for substitution of counsel.  _Finley_, 915 P.2d at 218.   It reasoned that because Finley's pro se motion sought a change of venue, not dismissal or substitution of counsel, the court need not consider the necessity of a hearing on the ineffective assistance of counsel complaint.  This Court held that "'[t]he legal effect of any court-filed paper--be it a motion, a pleading or some other instrument--is to be measured by its content rather than by the author-provided title."'  _Finley_, 915 P.2d at 218 (quoting Hulsey v. Mid-America Preferred Insurance Co. (Okla. 1989), 777 P.2d 932, 936 n.14).   We found that the substance of Finley's motion for change of venue indicated that he was in fact complaining about the assistance of counsel.  Because the substance of the motion was a complaint of ineffective assistance of counsel it was necessary that the district court inquire into the validity of his complaints.  _Finley_, 915 P.2d at 218.   We held that the district court failed to make an initial determination of whether Finley presented substantial complaints and, therefore, that the

court erred. <u>Finley</u>, 915 P.2d at 219. The error was held to be harmless because the district court conducted a post-trial hearing on Finley's complaints regarding his counsel's representation. <u>Finley</u>, 915 P.2d at 219

Smith, like Finley, did not denominate his motion a "Request for Substitution of Counsel." However, as we said in <u>Finley</u>, a court-filed paper should be measured by its content rather than by its title. <u>Finley</u>, 915 P.2d at 218. Likewise, Smith's motion for a continuance should be considered for its content rather than for its form. In this case, Smith asked for a continuance for the express purpose of finding new counsel because his present counsel was not familiar with the case. This request must be viewed as a complaint of ineffective assistance of counsel which requires an adequate inquiry by the district court.

The transcript reveals that Smith made more than conclusory allegations regarding his dissatisfaction with counsel. The court, however, cut him off without any inquiry into the allegations and gave him a choice between keeping his second court-appointed counsel and representing himself.

Smith expressed his concerns immediately after the judge made his opening remarks to the jury.

> THE DEFENDANT: . I still feel Mr. English does not represent my best interests, nor do I believe I am ready to defend myself. . . I tried to contact several attorneys yesterday, . . . I would like to . ask for a continuance so that I might find counsel.

> THE COURT: Mr. Smith, your request for a continuance is denied. . . You do not get a choice of an attorney, unless you choose to retain one yourself.

THE DEFENDANT:  That is what I would like to do. . . [W]e had a falling out yesterday.  He calls me the day before the trial and is going to start to prepare for it.

After opening statements Smith again complained about counsel.

THE DEFENDANT:. From his opening statements I can see that I know more about this than he does.

MR. ENGLISH:  Your Honor, may the record reflect I have consulted with Mr. Smith on two prior occasions. . . .  I have adequately prepared for this case. I'm prepared for trial.  Mr. Smith might have a difference of opinion as to what this case should be about and how it should be handled, but as his attorney, I'm going to handle it the way I see fit.

THE COURT:  [After again giving Smith the choice of having English represent him or having English serve as stand-by counsel and Smith represent himself:] Those are your two choices.  How would you like to proceed?

THE DEFENDANT:  By the opening statement he said I refused --

THE COURT:  Mr. Smith, I don't want to get into the opening statement.  Do you want Mr. English to represent you in this case?

THE DEFENDANT:  As I stated, I do not want him to represent me.  I don't feel I'm capable representing myself.  I do know more about this than he does.  If he watched the movie he would know that I didn't refuse. He is saying the same thing she said.

THE COURT:  Do you chose to represent yourself?

THE DEFENDANT: No, Your Honor.  I would like to request a continuance so I may get a lawyer.

Contrary to the State's claim that "[d]efendant was afforded several opportunities to discuss his complaints about Mr. English with the district court," the transcript reveals that the court did not allow Smith to substantiate his allegations that counsel was ill-prepared for the trial.  Although counsel apparently convinced

10

the court that he was not rendering ineffective assistance of counsel, the court did not allow Smith to elaborate on his complaints nor did it inquire into Smith's factual complaints regarding counsel's lack of knowledge of the case.

In prior decisions in which we held that an attorney's response to a defendant's complaints about counsel satisfied the court's inquiry, the attorney recited specific facts addressing the complaints revealing that there was adequate communication between the attorney and the defendant and that the attorney otherwise was effectively representing the defendant. Here, the court did not allow Smith to express his specific complaints and counsel's assurances that he was prepared were not adequate to rebut Smith's complaint that counsel was not familiar with the case and had not even watched the videotaped interview conducted by the police. Absent an initial inquiry into the complaints the court could not have determined whether Smith's complaints were "substantial" enough to warrant a hearing.

Conclusion

We hold that the District Court failed to adequately inquire into Smith's complaints about ineffective assistance of counsel and thereby foreclosed Smith's opportunity for a hearing on the matter. It is necessary, therefore, to remand this case to the District Court so that it can make an adequate inquiry into Smith's allegations and determine whether he had substantial complaints. If the court determines that Smith had substantial complaints, the court will proceed accordingly and conduct a hearing to determine

11

the validity of Smith's complaints.  If the court ultimately finds that  Smith was denied effective assistance of counsel,  the judgments and sentences against him are vacated, including the impositions of fines and costs, and a new trial is ordered.  See Weaver,  917 P.2d at 441-42. If, on the other hand,  the court determines that Smith has not presented seemingly substantial complaints or,  that upon a hearing,  he was not denied effective assistance of  counsel,  then the judgment  and conviction  are affirmed,  subject to Smith's right to appeal the District Court's determinations  on  remand.

In the event the conviction is affirmed, that portion of the sentence imposing costs related to the proceedings in Justice Court is reversed.  Section 46-17-311(1), MCA, provides that "all cases on appeal from a justices or city court must be tried anew in the district court . . ."  In other words, an appeal to a district court for a trial *de novo* begins a new proceeding against the defendant.  In appeals to the District Court,  only  costs  in connection with the District Court proceeding may be imposed as part of a sentence.  Section 46-18-201(1)(b), MCA; § 46-18-232, MCA.  We hold that the costs associated with the Justice Court proceedings were not costs incurred in connection with the District Court proceedings against Smith and therefore, the imposition of such costs was an  improper  exercise  of the District Court's sentencing authority which must be reversed in the event the conviction  is  affirmed.

W. William Leaphart
Justice

12

We concur:

_____
Chief Justice

_____

_____
Justices