JUSTICE NELSON
specially concurs:
I concur with our decision on Issue 1. I specially concur with our decision on Issue 2 only because our decision in City of Billings v. Smith (1997), [281 Mont. 133], 932 P.2d 1058, is the controlling precedent on this issue. Since I was not on the panel that decided Smith, I write separately at this time to express my disagreement with our decision in that case, however.
*243 At the outset, I observe that the only issue considered by this Court on appeal in Smith was whether the district court erred in failing to adequately inquire into Smith’s complaints of ineffective assistance of counsel. Smith, [281 Mont. 133], 932 P.2d at 1059. The matter of the assessment of justice court costs following Smith’s trial de novo was decided by this Court in the final paragraph of the Smith opinion. Smith, [281 Mont. 133], 932 P.2d at 1063. If one reviews the underlying briefs in Smith, it will be noted that Smith did not argue on appeal that the district court could not impose jury costs of the limited jurisdiction court proceedings because in a trial de novo everything starts “from scratch.” Rather, Smith argued that he was being punished for exercising his constitutional right to a jury trial because the district court required him to pay the costs of both proceedings. Smith argued judicial vindictiveness, and the State responded in that context and, I believe, rebutted Smith’s arguments. The proposition that because Smith’s district court trial was de novo, the district court was somehow precluded from imposing the jury costs levied as a result of the limited jurisdiction court proceedings was essentially a theory of our own creation, sua sponte. In my view and for the following reasons, I believe that this ruling was in error and should be overruled.
First, I am not aware of any statute which prohibits the district court from imposing costs lawfully assessed by a court of limited jurisdiction against the defendant following trial de novo. Section 46-17-311(1), MCA, cited in Smith and in the case at bar, merely states that a case appealed from a justice or city court must be tried anew; this statute, neither explicitly nor implicitly, forbids the district court from reimposing the costs assessed in a limited jurisdiction court as part of the sentence in the district court.
Second, § 46-18-201, MCA, defines the sorts of sentences which may be imposed by a court on a plea or verdict of guilty. This section applies to both the courts of limited jurisdiction and the district court in criminal proceedings. Section 46-1-103, MCA. Section 46-18-201, MCA, refers to § 46-18-232, MCA. This latter section provides at (1) that
[a] court may require a convicted defendant in a felony or misdemeanor case to pay costs, as defined in 25-10-201, plus costs of jury service as a part of his sentence. Such costs shall be limited to expenses specifically incurred by the prosecution in connection with the proceedings against the defendant. [Emphasis added.]
As the State correctly argues, jury costs incurred by the government in a justice or city court trial are, in fact, “incurred by the prosecution in connection with the proceedings against the defendant.” A *244 misdemeanor case does not even get to the district court without first exhausting a trial in one of the courts of limited jurisdiction.
While a trial de novo in district court is a “new” trial of the charges (as opposed to the appellate review of city or justice court proceedings), it does not follow that the limited jurisdiction court proceedings are thereafter a complete nullity. Indeed, the charges are the same, the charging document is the same, typically the same prosecutor prosecutes both cases, and likely, the same witnesses will be called and the same evidence presented in both trials. In short, the limited jurisdiction court and district court trials are simply different phases of one systematic process designed to prosecute a defendant for a specific offense or offenses. In the language of the statute, both trials are had “in connection with the proceedings against the defendant.” Section 46-18-232(1), MCA.
Finally, perhaps the biggest criticism of the whole concept of appeal by trial de novo is that it is inefficient and is a colossal waste of time, of money and of prosecutorial and judicial resources. That a convicted defendant who has been found by a justice of the peace or city court judge to have the financial ability to repay certain costs and expenses of his or her prosecution may simply erase that obligation by demanding a trial de novo lends a good deal of credibility to the arguments of the present system’s critics.