JUSTICE REGNIER
delivered the Opinion of the Court.
John Morales was charged by complaint on December 30, 1995, with assault upon a sports official, a misdemeanor, in violation of § 45-5-211, MCA. Morales was tried by a jury in the Daniels County Justice Court and was found guilty. Morales appealed this conviction to the District Court. Prior to trial in the District Court, counsel for Morales filed a motion for a continuance and a motion to withdraw as counsel. The Fifteenth Judicial District Court, Daniels County, allowed Morales’s counsel to withdraw but denied the motion to continue. A District Court jury heard the case de novo pursuant to § 25-33-301, MCA, and returned a verdict of guilty. Morales appeals from the sentence and judgment of the District Court and from the order denying his motion to continue. Affirmed in part and reversed in part.
The following issues are presented on appeal:
1. Did the District Court abuse its discretion in denying Morales’s motion for a continuance?
2. Did the District Court err in ordering Morales to pay the Justice Court costs as part of the sentence imposed by the District Court?
FACTUAL BACKGROUND
On December 30, 1995, John Morales was a participant in a basketball game during the Scobey Invitational Basketball Tournament, held at Scobey High School. During the game, Morales became upset when a technical foul was called on another ballplayer. Morales approached the scorer’s table and demanded to know who was running the game and said he wanted to talk to the person in charge. One of the score keepers, Dave Selvig, told Morales that the technical foul was called against the other participant because of comments he *239 made to the official. Morales responded to Selvig with an obscenity and stepped back onto the court. Selvig replied with a “thank you.” Morales turned back toward the scorer’s bench, leaned forward, and spat towards the scorer’s bench, hitting Selvig with his spittle.
After observing Morales’s behavior, James Lekvold, the referee, blew his whistle and gave the signs for a technical foul and for an ejection. Lekvold told Morales to leave the basketball court. Morales then pushed Lekvold backward into the scorer’s bench and punched him in the face with his fists. Morales was charged by complaint with assault on a sports official, a misdemeanor, in violation of § 45-5-211, MCA.
On August 27, 1996, Morales appeared with his counsel and was tried by a jury in the Daniels County Justice Court and found guilty. He appealed his conviction to the District Court.
On September 17, 1996, the Fifteenth Judicial District Court, Daniels County, set the matter for jury trial on October 30 and 31, 1996. On October 22, 1996, eleven subpoenas for witnesses were issued by the Clerk of Court. On October 28, 1996, two days before the scheduled trial date, counsel for Morales filed a motion for continuance and a motion to withdraw as counsel. The reason stated was that Morales no longer wanted his attorney to represent him. The District Court denied the motion for a continuance and faxed the order of denial to the parties on the morning of October 28, 1996.
On October 29, 1996, the day before the scheduled trial, Morales sent a letter to the Clerk of the District Court requesting a continuance and indicated that he had fired his attorney. The next day, Morales appeared in court with his attorney and the motion for a continuance was again considered. The District Court concluded that Morales had not shown good cause for his last minute motion for a continuance. The District Court informed Morales that he had the choice between proceeding with his retained attorney or on his own. Morales reiterated his desire to not be represented by his attorney. The District Court allowed Morales’s attorney to withdraw but again denied the motion for a continuance.
The matter proceeded to trial with Morales representing himself. The jury returned a verdict of guilty. On December 3, 1996, Morales was sentenced to a jail term of thirty days with twenty-seven days suspended. However, the jail sentence was deferred on the condition that Morales pay a $500 fine, along with the Justice Court jury costs in the amount of $415.80, and the District Court costs. Morales appeals from the sentence and judgment of the District Court.
*240 ISSUE 1
Did the District Court abuse its discretion in denying Morales’s motion for a continuance?
The controlling statute to determine whether the District Court should have granted Morales’s motion for a continuance is § 46-13-202(3), MCA. The statute states:
All motions for continuance are addressed to the discretion of the trial court and must be considered in the light of the diligence shown on the part of the movant. This section must be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the prosecution to a speedy trial.
The standard of review of a district court’s denial of a motion for continuance is whether the district court abused its discretion. State v. Haskins (1992), 255 Mont. 202, 207, 841 P.2d 542, 545 (citing State v. LaPier (1990), 242 Mont. 335, 790 P.2d 983).
Morales argues that the District Court abused its discretion in denying his motion for a continuance. Morales claims that he and his attorney were incompatible and that he acted diligently in seeking a continuance in order to secure another attorney. Morales contends that the District Court’s denial of his motion for a continuance resulted in prejudice to his defense and an unfair trial.
The State counters that the District Court’s denial of Morales’s motion for continuance is not prejudicial because it is based on Morales’s lack of diligence. The State argues that Morales had no legitimate reason for continuing the trial date. The State points out that in the Justice Court proceeding, Morales did the same thing by firing his attorney shortly before trial and requesting a continuance in order to delay the proceeding.
The record reveals that the sole basis for Morales’s motion to continue was that he had fired his attorney less than a week before trial because they were incompatible and, thus, he needed more time to secure another attorney to represent him before the District Court trial could start. However, the District Court stated that if Morales felt that his retained attorney was inadequate to represent him, he should have known long before the scheduled trial because this was the same attorney that represented him in the Justice Court proceeding. Moreover, at the hearing on the motion, Morales admitted that he had not hired another attorney nor did he disclose any efforts on his part to hire another attorney before trial.
*241 We conclude that the District Court did not abuse its discretion in denying Morales’s motion to continue. Morales failed to demonstrate the requisite diligence in seeking the continuance. He appeared for the scheduled trial without a new attorney. His conduct in the District Court was a replay of the same tactic he used in the Justice Court to gain a continuance. Under such circumstances, the District Court could rightfully conclude that no legitimate reason existed for a continuance. Furthermore, the State and the District Court were willing to agree to a continuance if Morales could post a sufficient bond to cover the expenses incurred in bringing the witnesses and jurors to the court. However, Morales was unwilling to post the additional bond.
We conclude that the District Court did not abuse its discretion in denying the motion. We affirm the District Court’s denial of Morales’s motion for a continuance.
ISSUE 2
Did the District Court err in ordering Morales to pay the Justice Court costs as part of the sentence imposed by the District Court?
Morales argues that the District Court lacked the authority to order him to pay Justice Court jury costs. Morales cites City of Billings v. Smith (1997), [281 Mont. 133], 932 P.2d 1058, for the proposition that the imposition of Justice Court jury costs is an improper exercise of the District Court’s sentencing authority. Section 46-17-311(1), MCA, provides that:
Except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justice’s or a city court must be tried anew in the district comb and may be tried before a jury of six selected in the same manner as for other criminal cases.
In Smith, we construed § 46-17-311(1), MCA, and stated:
[A]n appeal to the district court for a trial de novo begins a new proceeding against the defendant. In appeals to the district court, only costs in connection with the district court proceeding may be imposed as a part of the sentence. Section 46-18-201(l)(b), MCA; § 46-18-232, MCA.
Smith, [281 Mont. 133], 932 P.2d at 1063. In Smith’s case, this Court stated that the imposition of costs associated with justice court proceedings was an improper exercise of the district court’s sentencing authority.
*242 The State contends that this determination in Smith was in error and asks this Court to overrule it. The State argues that whenever a person has been found guilty of an offense, the court may, among other things, order the defendant to pay the costs of confinement, court-appointed counsel, and the costs of jury service “specifically incurred by the prosecution in connection with the proceedings against the defendant” pursuant to §§ 46-18-201 and -232, MCA. The State asserts that although the trial in district court is de novo, the costs incurred prior to the new trial should not be erased. Furthermore, the State contends that a defendant who was found guilty by a jury trial in the justice court and ordered to pay costs may simply appeal to district court and plead guilty in order to escape payment of the justice court costs.
We are not persuaded by the State’s argument. As § 46-17-311(1), MCA, states: “[A]ll cases on appeal from a justice’s or a city court must be tried anew in the district court.” Once a trial is started anew in the district court, any costs taxed to a defendant as part of a judgment and sentence imposed by a justice court are erased.
This Court reaffirms our ruling in City of Billings v. Smith (1997), [281 Mont. 133], 932 P.2d 1058. The costs associated with the Justice Court proceedings are not costs associated with the District Court proceedings against Morales following appeal for trial de novo, and therefore, the Justice Court costs could not be imposed by the District Court as part of Morales’s sentence.
In conclusion, the District Court did not abuse its discretion when it denied Morales’s motion for a continuance. However, the District Court did exceed its statutory authority by imposing the Justice Court jury costs as part of Morales’s sentence. The sentence and judgment of the District Court ordering Morales to pay Justice Court jury costs in the amount of $415.80 is vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and HUNT concur.