# FILED

April 6 2010



*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0477

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 68

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MATTHEW SCOTT BUSTLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Garfield, Cause No. DC 08-309
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens; Smith & Stephens, P.C.; Missoula, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

          Nickolas C. Murnion, Garfield County Attorney; Jordan, Montana

Submitted on Briefs:  February 24, 2010

Decided:  April 6, 2010

Filed:

_____
                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Mathew Scott Bustle (Bustle) appeals the order of the Sixteenth Judicial District Court imposing Justice Court costs as part of Bustle's sentence. We reverse and remand for further proceedings.

¶2 Did the District Court err by imposing Justice Court costs in its sentencing order?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The criminal charges in this case arose out the events of April 14, 2008, when Bustle, who had been attending a house party in Jordan, Montana, was involved in the crash of what he terms an "Arctic Cat UTV." As a result of this crash and Bustle's actions thereafter, Bustle was charged with Reckless Driving and Obstructing a Peace Officer. On October 23, 2008, a Garfield County Justice Court jury found Bustle guilty on both counts. In addition to fines, surcharges and two days of jail time for each charge, to run concurrently, the Justice Court ordered Bustle to pay $450 in court costs.

¶4 Bustle appealed to the District Court, which conducted a de novo jury trial on May 7, 2009. The jury found Bustle guilty of Reckless Driving and not guilty of Obstructing a Peace Officer. On June 15, 2009, after a sentencing hearing, the District Court imposed a suspended jail sentence, a fine, and ordered Bustle to pay both the court costs for the District Court and the Justice Court proceedings. Bustle appeals.

## STANDARD OF REVIEW

¶5 We review a sentence imposed in a criminal case only for legality. *State v. Strong*, 2009 MT 65, ¶ 7, 349 Mont. 417, 203 P.3d 848. We may review the legality of a

2

sentence under certain circumstances "even if no objection is made at the time of sentencing." *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997 (1979).

## DISCUSSION

¶6 ***Did the District Court err by imposing Justice Court costs in its sentencing order?***

¶7 Citing to our holdings in *State v. Morales*, 284 Mont. 237, 943 P.2d 1286 (1997) and *City of Billings v. Smith*, 281 Mont. 133, 932 P.2d 1058 (1997), Bustle argues that the District Court's imposition of the Justice Court costs as a condition of his suspended sentence was illegal, and that the issue is properly raised on appeal pursuant to the *Lenihan* rule. The State does not resist, conceding that the issue is properly raised on appeal and that "the [D]istrict [C]ourt did not have authority to order Bustle to pay $450 in justice court costs." Upon the State's concession, we conclude the imposition of the Justice Court costs was unlawful. The remaining question is the appropriate remedy, which the parties dispute.

¶8 Bustle contends that the $450 assessment for Justice Court costs should simply be vacated, allowing the remainder of his sentence to stand as imposed. He notes that the inappropriate costs assessed in *Morales* and *Smith* were struck by this Court. The State counters that the proper remedy is to remand the matter to the District Court with instructions to strike the $450 Justice Court costs and "redetermine whether to suspend a portion of the district court costs."

¶9 The sentencing order imposed a total of $1,508.68 in courts costs, but suspended all but $600. Of this unsuspended amount, the order required Bustle to pay $450 to the

3

Justice Court and $150 to the District Court. Simply vacating the $450 Justice Court assessment would leave only the $150 assessment as the unsuspended portion of the court costs, which originally totaled over $1,000. We cannot determine whether such a result would comport with the sentencing court's intentions with regard to the court cost assessment, making a remand necessary.

¶10 Further, a remand is consistent with the approach we took in *Morales* and *Smith*. Although we vacated the unlawful cost assessments in those cases, we also remanded for further proceedings. *See Morales*, 284 Mont. at 242 (explaining that "[t]he sentence and judgment of the District Court ordering Morales to pay Justice Court jury costs in the amount of $415.80 is vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion."); *see also Smith*, 281 Mont. at 141. Upon remand, the District Court may conduct any proceedings necessary for its entry of an amended judgment.

¶11 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS