No. 97-075

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN MORALES,

Defendant and Appellant.


APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and for the County of Daniels,
The Honorable David Cybulski, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Michael G. Moses, Moses Law Firm,
Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General;
Helena, Montana

Ken W. Hoversland, Daniels County Attorney,
Scobey, Montana


Submitted on Briefs: July 17, 1997

Decided: August 19, 1997
Filed:


_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

John Morales was charged by complaint on December 30, 1995, with assault upon a sports official, a misdemeanor, in violation of 45-5-211, MCA. Morales was tried by a jury in the Daniels County Justice Court and was found guilty. Morales appealed this conviction to the District Court. Prior to trial in the District Court, counsel for Morales filed a motion for a continuance and a motion to withdraw as counsel. The Fifteenth Judicial District Court, Daniels County, allowed Morales's counsel to withdraw but denied the motion to continue. A District Court jury heard the case de novo pursuant to 25-33-301, MCA, and returned a verdict of guilty. Morales appeals from the sentence and judgment of the District Court and from the order denying his motion to continue. Affirmed in part and reversed in part.

The following issues are presented on appeal:

1. Did the District Court abuse its discretion in denying Morales's motion for a continuance?

2. Did the District Court err in ordering Morales to pay the Justice Court costs as part of the sentence imposed by the District Court?

FACTUAL BACKGROUND

On December 30, 1995, John Morales was a participant in a basketball game during the Scobey Invitational Basketball Tournament, held at Scobey High School. During the game, Morales became upset when a technical foul was called on another ballplayer. Morales approached the scorer's table and demanded to know who was running the game and said he wanted to talk to the person in charge. One of the score keepers, Dave Selvig, told Morales that the technical foul was called against the other participant because of comments he made to the official. Morales responded to Selvig with an obscenity and stepped back onto the court. Selvig replied with a "thank you." Morales turned back toward the scorer's bench, leaned forward, and spat towards the scorer's bench, hitting Selvig with his spittle.

After observing Morales's behavior, James Lekvold, the referee, blew his whistle and gave the signs for a technical foul and for an ejection. Lekvold told Morales to leave the basketball court. Morales then pushed Lekvold backward into the scorer's bench and punched him in the face with his fists. Morales was charged by complaint with assault on a sports official, a misdemeanor, in violation of 45-5-211, MCA.

On August 27, 1996, Morales appeared with his counsel and was tried by a jury in the Daniels County Justice Court and found guilty. He appealed his conviction to the District Court.

On September 17, 1996, the Fifteenth Judicial District Court, Daniels County, set

the matter for jury trial on October 30 and 31, 1996. On October 22, 1996, eleven subpoenas for witnesses were issued by the Clerk of Court. On October 28, 1996, two days before the scheduled trial date, counsel for Morales filed a motion for continuance and a motion to withdraw as counsel. The reason stated was that Morales no longer wanted his attorney to represent him. The District Court denied the motion for a continuance and faxed the order of denial to the parties on the morning of October 28, 1996.

On October 29, 1996, the day before the scheduled trial, Morales sent a letter to the Clerk of the District Court requesting a continuance and indicated that he had fired his attorney. The next day, Morales appeared in court with his attorney and the motion for a continuance was again considered. The District Court concluded that Morales had not shown good cause for his last minute motion for a continuance. The District Court informed Morales that he had the choice between proceeding with his retained attorney or on his own. Morales reiterated his desire to not be represented by his attorney. The District Court allowed Morales's attorney to withdraw but again denied the motion for a continuance.

The matter proceeded to trial with Morales representing himself. The jury returned a verdict of guilty. On December 3, 1996, Morales was sentenced to a jail term of thirty days with twenty-seven days suspended. However, the jail sentence was deferred on the condition that Morales pay a $500 fine, along with the Justice Court jury costs in the amount of $415.80, and the District Court costs. Morales appeals from the sentence and judgment of the District Court.

ISSUE 1

Did the District Court abuse its discretion in denying Morales's motion for a continuance?

The controlling statute to determine whether the District Court should have granted Morales's motion for a continuance is  46-13-202(3), MCA. The statute states:

> All motions for continuance are addressed to the discretion of the trial court and must be considered in the light of the diligence shown on the part of the movant. This section must be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the prosecution to a speedy trial.

The standard of review of a district court's denial of a motion for continuance is whether the district court abused its discretion. State v. Haskins (1992), 255 Mont. 202, 207, 841 P.2d 542, 545 (citing State v. LaPier (1990), 242 Mont. 335, 790 P.2d 983).

Morales argues that the District Court abused its discretion in denying his motion

for a continuance.  Morales claims that he and his attorney were incompatible and that
he acted diligently in seeking a continuance in order to secure another attorney.  Morales
contends that the District Court's denial of his motion for a continuance resulted in
prejudice to his defense and an unfair trial.

The State counters that the District Court's denial of Morales's motion for
continuance  is not prejudicial because it is based on Morales's lack of diligence.  The
State argues that Morales had no legitimate reason for continuing the trial date.  The State
points out that in the Justice Court proceeding, Morales did the same thing by firing his
attorney shortly before trial and requesting a continuance in order to delay the
proceeding.

The record reveals that the sole basis for Morales's motion to continue was that
he had fired his attorney less than a week before trial because they were incompatible
and, thus, he needed more time to secure another attorney to represent him before the
District Court trial could start.  However, the District Court stated that if Morales felt
that his retained attorney was inadequate to represent him, he should have known long
before the scheduled trial because this was the same attorney that represented him in the
Justice Court proceeding. Moreover, at the hearing on the motion, Morales admitted that
he had not hired another attorney nor did he disclose any efforts on his part to hire
another attorney before trial.

We conclude that the District Court did not abuse its discretion in denying
Morales's motion to continue.  Morales failed to demonstrate the requisite diligence in
seeking the continuance.  He appeared for the scheduled trial without a new attorney.
His conduct in the District Court was a replay of the same tactic he used in the Justice
Court to gain a continuance.   Under such circumstances, the District Court could
rightfully conclude that no legitimate reason existed for a continuance.  Furthermore, the
State and the District Court were willing to agree to a continuance if Morales could post
a sufficient bond to cover the expenses incurred in bringing the witnesses and jurors to
the court.  However, Morales was unwilling to post the additional bond.

We conclude that the District Court did not abuse its discretion in denying the
motion.  We affirm the District Court's denial of Morales's motion for a continuance.

ISSUE 2

Did the District Court err in ordering Morales to pay the Justice Court costs as
part of the sentence imposed by the District Court?

Morales argues  that the District Court lacked the authority to order him to pay
Justice Court jury costs.  Morales cites City of Billings v. Smith (Mont. 1997), 932 P.2d

1058, 54 St. Rep. 96, for the proposition that the imposition of Justice Court jury costs
is an improper exercise of the District Court's sentencing authority.

Section 46-17-311(1), MCA, provides that:

Except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justice's or a city court must be tried anew in the district court and may be tried before a jury of six selected in the same manner as for other criminal cases.

In Smith, we construed   46-17-311(1), MCA, and stated:

[A]n appeal to the district court for a trial de novo begins a new proceeding against the defendant.  In appeals to the district court, only costs in connection with the district court proceeding may be imposed as a part of the sentence.  Section 46-18-201(1)(b), MCA;   46-18-232, MCA.

Smith, 932 P.2d at 1063.  In Smith's case, this Court stated that the imposition of costs
associated with justice court proceedings was an improper exercise of the district court's
sentencing authority.

The State contends that this determination in Smith was in error and asks this Court
to overrule it.  The State argues that whenever a person has been found guilty of an offense, the court may, among other things, order the defendant to pay the costs of confinement, court-appointed counsel, and the costs of jury service "specifically incurred
by the prosecution in connection with the proceedings against the defendant" pursuant to
46-18-201 and -232, MCA.  The State asserts that although the trial in district court
is de novo, the costs incurred prior to the new trial should not be erased.  Furthermore,
the State contends that a defendant who was found guilty by a jury trial in the justice
court and ordered to pay costs may simply appeal to district court and plead guilty in
order to escape payment of the justice court costs.

We are not persuaded by the State's argument.  As   46-17-311(1), MCA, states:
"[A]ll cases on appeal from a justice's or a city court must be tried anew in the district
court."  Once a trial is started anew in the district court, any costs taxed to a defendant
as part of a judgment and sentence imposed by a justice court are erased.

This Court reaffirms our ruling in City of Billings v. Smith (Mont. 1997), 932 P.2d
1058, 54 St. Rep. 96.  The costs associated with the Justice Court proceedings are not
costs associated with the District Court proceedings against Morales following appeal for
trial de novo, and therefore, the Justice Court costs could not be imposed by the District
Court as part of Morales's sentence.

     In conclusion, the District Court did not abuse its discretion when it denied
Morales's motion for a continuance.  However, the District Court did exceed its statutory
authority by imposing the Justice Court jury costs as part of Morales's sentence. The
sentence and judgment of the District Court ordering Morales to pay Justice Court jury
costs in the amount of $415.80 is vacated, and the case is remanded to the District Court
for further proceedings consistent with this opinion.

                         /S/   JIM REGNIER


We Concur:

/S/   J. A.   TURNAGE
/S/   KARLA M.  GRAY
/S/   WILLIAM E. HUNT, SR.


Justice James C. Nelson specially concurs:


     I concur with our decision on Issue 1. I specially concur with our decision on Issue
2 only because our decision in City of Billings v. Smith (Mont.1997), 932 P.2d 1058, 54
St. Rep. 96, is the controlling precedent on this issue.  Since I was not on the panel that
decided Smith, I write separately at this time to express my disagreement with our
decision in that case, however.
     At the outset, I observe that the only issue considered by this Court on appeal in
Smith was whether the district court erred in failing to adequately inquire into Smith's
complaints of ineffective assistance of counsel.  Smith, 932 P.2d at 1059.  The matter of
the assessment of justice court costs following Smith's trial de novo was decided by this
Court in the final paragraph of the Smith opinion.  Smith, 932 P.2d at 1063.  If one
reviews the underlying briefs in Smith, it will be noted that Smith did not argue on appeal
that the district court could not impose jury costs of the limited jurisdiction court
proceedings because in a trial de novo everything starts "from scratch."  Rather, Smith
argued that he was being punished for exercising his constitutional right to a jury trial
because the district court required him to pay the costs of both proceedings.  Smith
argued judicial vindictiveness, and the State responded in that context and, I believe,
rebutted Smith's arguments.  The proposition that because Smith's district court trial was

de novo, the district court was somehow precluded from imposing the jury costs levied as a result of the limited jurisdiction court proceedings was essentially a theory of our own creation, sua sponte. In my view and for the following reasons, I believe that this ruling was in error and should be overruled.

First, I am not aware of any statute which prohibits the district court from imposing costs lawfully assessed by a court of limited jurisdiction against the defendant following trial de novo. Section 46-17-311(1), MCA, cited in Smith and in the case at bar, merely states that a case appealed from a justice or city court must be tried anew; this statute, neither explicitly nor implicitly, forbids the district court from reimposing the costs assessed in a limited jurisdiction court as part of the sentence in the district court.

Second, 46-18-201, MCA, defines the sorts of sentences which may be imposed by a court on a plea or verdict of guilty. This section applies to both the courts of limited jurisdiction and the district court in criminal proceedings. Section 46-1-103, MCA. Section 46-18-201, MCA, refers to 46-18-232, MCA. This latter section provides at (1) that

> [a] court may require a convicted defendant in a felony or misdemeanor
> case to pay costs, as defined in 25-10-201, plus costs of jury service as a
> part of his sentence. Such costs shall be limited to expenses specifically
> incurred by the prosecution in connection with the proceedings against the
> defendant. [Emphasis added.]

As the State correctly argues, jury costs incurred by the government in a justice or city court trial are, in fact, "incurred by the prosecution in connection with the proceedings against the defendant." A misdemeanor case does not even get to the district court without first exhausting a trial in one of the courts of limited jurisdiction.

While a trial de novo in district court is a "new" trial of the charges (as opposed to the appellate review of city or justice court proceedings), it does not follow that the limited jurisdiction court proceedings are thereafter a complete nullity. Indeed, the charges are the same, the charging document is the same, typically the same prosecutor prosecutes both cases, and likely, the same witnesses will be called and the same evidence presented in both trials. In short, the limited jurisdiction court and district court trials are simply different phases of one systematic process designed to prosecute a defendant for a specific offense or offenses. In the language of the statute, both trials are had "in

connection with the proceedings against the defendant."  Section 46-18-232(1), MCA.

Finally, perhaps the biggest criticism of the whole concept of appeal by trial de novo is that it is inefficient and is a colossal waste of time, of money and of prosecutorial and judicial resources.  That a convicted defendant who has been found by a justice of the peace or city court judge to have the financial ability to repay certain costs and expenses of his or her prosecution may simply erase that obligation by demanding a trial de novo lends a good deal of credibility to the arguments of the present system's critics.

/S/  JAMES C. NELSON