FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0777

DA 13-0777

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 133

STATE OF MONTANA,

          Plaintiff and Appellee,

   v.

DENNIS LEO SCHOWENGERDT,

          Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC 12-55
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Gem K. Mercer, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

          Lewis K. Smith, Powell County Attorney; Deer Lodge, Montana

Submitted on Briefs:  April 1, 2015
Decided:  May 19, 2015

Filed:

                       Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Dennis Leo Schowengerdt (Schowengerdt) appeals from the judgment and sentence entered by the Third Judicial District Court, Powell County, following the entry of his guilty plea to the charge of deliberate homicide. Schowengerdt challenges the denial of his request for the appointment of new counsel and alleges his right to effective assistance of counsel was violated. We remand for further proceedings on a limited issue.

¶2 The parties raise the following issues on appeal:

1. *Did the District Court adequately inquire into Schowengerdt's complaint that defense counsel had rendered ineffective assistance of counsel?*

2. *Did Schowengerdt receive ineffective assistance of counsel?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On December 10, 2012, the State filed an information charging Schowengerdt with one count of deliberate homicide. The State alleged by affidavit that on December 8, 2012, just before midnight, Schowengerdt repeatedly stabbed his wife, Tina Schowengerdt, resulting in her death. The affidavit further stated that, the following morning, Schowengerdt entered the Powell County Law Enforcement Center and provided a full confession.

¶4 On January 2, 2013, Steven Scott (Scott) of the Office of the State Public Defender (OPD) was assigned as counsel for Schowengerdt. On January 17, Scott filed a "Notice of Intention" in which he advised that Schowengerdt intended to plead not guilty and assert the affirmative defense of justifiable use of force. However, on April 2,

Schowengerdt agreed to plead guilty to deliberate homicide, without the benefit of a plea agreement. In a handwritten statement, Schowengerdt admitted killing his wife: "I knowingly stabbed Tina Schowengerdt with a knife causing her death. This occurred on 12/8/12." During the ensuing change of plea hearing, Schowengerdt indicated that he was satisfied with the services of his attorney and was voluntarily entering his plea. During the plea colloquy, Schowengerdt stated he did not want to proceed to trial because "I can't handle it." Schowengerdt admitted that he stabbed Tina with a knife knowing that it would cause her death. The District Court accepted Schowengerdt's guilty plea, and the matter was set for sentencing.

¶5 On June 12, Schowengerdt sent a handwritten letter to the District Court, seeking the appointment of new counsel. The letter stated as follows:

> I am Requesting a Withdraw as My Attorney at this time Mr Steve Scott
>
> I AM Requesting For proper Reputation in My case

Two days later, Scott filed a motion for withdrawal of Schowengerdt's guilty plea. In his supporting brief, Scott explained: "Mr. Schowengerdt, during a visit with his attorney, Mr. Scott, stated he wants to withdraw his plea of guilty and proceed onto trial in this case. Mr. Schowengerdt indicated he made a mistake when he entered into the plea and now wishes to withdraw his plea and proceed to trial." Scott further added, "It is my duty as a licensed attorney in Montana to point out to the Court there is not any case law in Montana to support Mr. Schowengerdt's position as to the withdraw of plea."

3

¶6    On June 17, the District Court ordered Scott to submit a memorandum explaining Scott's position regarding his continued representation of Schowengerdt and the "Public Defender's position with respect to providing Schowengerdt with new counsel." Scott did so, stating that he had "no problem with continuing to represent" Schowengerdt and that he did not believe there had been a breakdown of the attorney-client relationship, and describing the process by which Schowengerdt could file a complaint with OPD.

¶7    On July 2, the District Court convened a hearing to address Schowengerdt's letter for change in representation. The court stated to Schowengerdt that it was unclear from his letter why he did not want Scott to be his attorney, after which the following colloquy occurred:

> [Schowengerdt]:  Can I explain it to you?
>
> [Court]:  Go ahead.
>
> [Schowengerdt]: All right.  Early on, back in December, might have been January, but it was early on—
>
> [Court]:  Well, Mr. Schowengerdt, let me stop you there.  You're starting to tell a story.  I'm going to remind you that you have a right to remain silent. The things you say in court can wind up to be to your prejudice in the future.
>
> [Schowengerdt]:  It seems like I've already spoke about everything that's got me here.

Thus, at the point Schowengerdt was going to explain his dissatisfaction with his assigned counsel, the court interrupted him and Schowengerdt was never provided another chance to speak to the issue.  Instead of inquiring into Schowengerdt's

objections, the court directed him to follow the OPD's process for obtaining substitute counsel:

> [Scott]: Dennis, do you want a different attorney from the Public Defender's Office?
>
> [Schowengerdt]: Yes.
>
> [Court]: All right. If that's what you're driving at, you need to communicate with the Public Defender's Office rather than me and tell them why you think you should have a different lawyer, and then they will tell me whether or not they'll give you one.
>
> . . .
>
> [Court]: If they do not give you a different lawyer, then you have—we're going to be looking at: Okay, am I going to let Mr. Scott off the hook in this case or not?

¶8 On August 27, the District Court conducted a hearing on Schowengerdt's motion to withdraw his plea. At the outset of the hearing, the court inquired whether the issue of Schowengerdt's representation had been resolved. Scott explained that the OPD had denied Schowengerdt's request for a new counsel, and that Schowengerdt had not administratively appealed the decision. The court then responded:

> All right. So the matter is concluded then. The matter has run its course. We had a hearing. We made it apparent to Mr. Schowengerdt what procedure he was to follow. He followed the procedure. A decision was made. It has not been appealed, and Mr. Steven Scott remains Schowengerdt's attorney.
>
> So we'll proceed, then, to the Defendant's motion to withdraw his plea of guilty on the singular charge of deliberate homicide.

¶9 In contrast to its prior statements, the District Court did not inquire further into the basis for Schowengerdt's complaints concerning his counsel. Moving to argument on the

5

motion to withdraw the guilty plea, Scott stated he did not "have anything to add beyond what is in the motion in this matter." Scott explained: "It was during a visit with Mr. Schowengerdt that he asked me . . . to file a motion to withdraw his plea. He did not have a basis to give to me as to why he felt his plea should be withdrawn. . . . It was simply that Mr. Schowengerdt changed his mind and would like to be able to withdraw his plea."

¶10 Following Scott's statement, the court gave Schowengerdt an opportunity to address the withdrawal of his plea. Schowengerdt indicated that he was "not prepared for this," and then stated: "I don't think I'm guilty. I know what the outcome was, but I think I was fighting for my life." Scott concluded by stating: "all I have is that Mr. Schowengerdt has asked me to file the motion to withdraw his guilty plea. I don't have any case law on my side to support that motion, but we're just simply asking—Mr. Schowengerdt is simply asking he be allowed to withdraw his plea and continue to trial."

¶11 The District Court denied Schowengerdt's motion to withdraw his plea, concluding that the "Defendant has not in any way asserted his plea of guilty was involuntary and there is no basis in the record to conclude Defendant's guilty plea was involuntary." The District Court sentenced Schowengerdt to life in the Montana State Prison.

¶12 Schowengerdt appeals.

## STANDARD OF REVIEW

¶13 We review a district court's denial of a request for substitution of counsel for an abuse of discretion. *Halley v. State*, 2008 MT 193, ¶ 11, 344 Mont. 37, 186 P.3d 859.

¶14 "Ineffective assistance of counsel claims raise mixed questions of law and fact that we review de novo." *State v. Savage*, 2011 MT 23, ¶ 20, 359 Mont. 207, 248 P.3d 308.

## DISCUSSION

¶15 *1. Did the District Court adequately inquire into Schowengerdt's complaint that defense counsel had rendered ineffective assistance of counsel?*

¶16 Schowengerdt challenges the adequacy of the District Court's inquiry into his request for new counsel. He argues that the court failed to inquire into his complaints concerning his representation to determine if they were "seemingly substantial." The State counters that the District Court conducted an adequate inquiry because Schowengerdt did not appeal the decision of the OPD and Schowengerdt failed to "provide specific complaints about" his counsel, instead only making "vague statements about wanting proper representation or not thinking that he had been represented properly." Alternatively, the State argues, citing our decision in *State v. Edwards*, 2011 MT 210, 361 Mont. 478, 260 P.3d 396, that "[e]ven if the district court did not conduct an adequate initial inquiry, that does not require reversal because Schowengerdt did not raise a complaint that communications had broken down or that he feared his counsel would fail to effectively represent him going forward to sentencing."

¶17 The United States Constitution and the Montana Constitution guarantee a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI; Mont.

7

Const. art. II, § 24. If a defendant asserts a claim of ineffective assistance of counsel, and requests the appointment of new counsel, the "district court must conduct an 'adequate initial inquiry' to determine whether the defendant's claim is 'seemingly substantial.'" *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016 (citing *State v. Gallagher*, 1998 MT 70, ¶ 15, 288 Mont. 180, 955 P.2d 1371). We have explained the "threshold issue to determine whether a complaint is substantial is not whether counsel was ineffective, but rather whether the district court made an adequate inquiry into the defendant's claim." *Happel*, ¶ 14 (citing *State v. Gazda*, 2003 MT 350, ¶ 30, 318 Mont. 516, 82 P.3d 20). We have found it to be "reversible error where a district court fails to make an initial inquiry into a defendant's complaints about counsel." *City of Billings v. Smith*, 281 Mont. 133, 137, 932 P.2d 1058, 1061 (1997). The district court's inquiry is adequate so long as the "court considers the defendant's factual complaints together with counsel's specific explanations addressing the complaints." *State v. Rose*, 2009 MT 4, ¶ 96, 348 Mont. 291, 202 P.3d 749 (*superseded in part on other grounds*, *State v. Stops*, 2013 MT 131, 370 Mont. 226, 301 P.3d 811) (citing *City of Billings*, 281 Mont. at 136-37, 932 P.2d at 1060). However, if the district court "fails to conduct 'even a cursory inquiry,' such an effort is inadequate and justifies remand of the case for further proceedings." *Happel*, ¶ 14 (citing *State v. Weaver*, 276 Mont. 505, 511-12, 917 P.2d 437, 441-42 (1996)).

¶18 Here, the District Court erred by failing to conduct an adequate inquiry into Schowengerdt's complaints. After entering his guilty plea, Schowengerdt sent the

June 12 letter to the District Court asking to have his counsel removed from his case. Although the letter was short and Schowengerdt's writing skills were minimal, the letter made clear that Schowengerdt was asking for new counsel to be substituted for Scott. Schowengerdt confirmed that intention during the subsequent hearing. However, after asking Schowengerdt about his concerns, the District Court interrupted Schowengerdt as he attempted to give an explanation. The court ordered Schowengerdt to follow the OPD's process for appointment of new counsel. The court stated that additional proceedings would be conducted if OPD denied Schowengerdt's request. However, when the OPD administratively denied the request, the court ruled that the matter was concluded and conducted no additional proceedings.

¶19 The District Court plainly did not consider Schowengerdt's complaints as it did not permit Schowengerdt an opportunity to offer them during the hearing. The record does not indicate what Schowengerdt's objections were to Scott's representation. Instead, the District Court merely deferred to the OPD's administrative process on the issue of whether Schowengerdt was entitled to new counsel. While the OPD administrative process may be helpful in resolving some conflicts that arise in the assignment of counsel, it does not supplant judicial procedures that ensure that a criminal defendant is provided the constitutional right to counsel. The District Court failed to follow these procedures when it neglected to inquire into Schowengerdt's complaints concerning his representation.

9

¶20     The State argues that the court's error does not require reversal based on *State v. Edwards*. There, the defendant requested new counsel after being convicted at trial, and the district court, upon receipt of Edwards' post-trial motion, failed to inquire into his complaints prior to sentencing. *Edwards*, ¶ 29. Despite the court's error, we concluded that remand was unnecessary because Edwards' complaints related solely to the alleged ineffectiveness of his counsel at trial, and he had failed to argue that "he feared counsel would fail to effectively represent him going forward to sentencing." *Edwards*, ¶ 29. The State argues that Schowengerdt's complaints here were similarly inadequate to require inquiry by the District Court.

¶21     However, we are not able to determine whether Schowengerdt's complaints here were sufficient because he was not provided an opportunity to explain them. And, unlike Edwards, Schowengerdt argues that his counsel would not be able to effectively represent him going forward with his motion to withdraw his plea in the event the matter is remanded. Schowengerdt requests "the opportunity to present his motion to withdraw his guilty plea to the district court through constitutionally effective counsel." Consequently, the District Court's failure to adequately inquire into his complaints necessitates a remand for further proceedings on this issue.

¶22     *2. Did Schowengerdt receive ineffective assistance of counsel?*

¶23     Given our resolution of Issue 1, it is not necessary to address Issue 2 at this time. The proceedings on remand may well render moot any claim of ineffective assistance of counsel.

10

**CONCLUSION**

¶24   Upon remand, the District Court must adequately inquire into Schowengerdt's complaints about his assigned counsel to determine whether his complaints are seemingly substantial and necessitate a hearing to determine the validity of Schowengerdt's allegations and the need for substitution of counsel. If the court determines that new counsel is warranted, then, in accordance with the relief sought by Schowengerdt, he will have "the opportunity to present his motion to withdraw his guilty plea to the district court" with new counsel. We express no opinion on the merits of Schowengerdt's motion to withdraw his guilty plea. If, on the other hand, the court determines that Schowengerdt has not presented seemingly substantial complaints about his counsel, or is otherwise not entitled to new counsel, then the judgment and sentence are affirmed, subject to Schowengerdt's right to appeal the District Court's determinations made on remand, and his preserved issue concerning ineffective assistance of counsel. *See Weaver*, 917 P.2d at 441-42, 276 Mont. at 512.

¶25   Remanded for further proceedings as stated herein.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

11