DA 14-0340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 331N

STATE OF MONTANA,

>Plaintiff and Appellee,

v.

KERMIT TY POULSON,

>Defendant and Appellant.

| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause Nos. DC-12-419(C) and DC-11-014(A) Honorable Ted O. Lympus, Presiding Judge |
|---|---|

COUNSEL OF RECORD:

>For Appellant:

>>Chad R. Vanisko, Assistant Appellate Defender; Helena, Montana

>For Appellee:

>>Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General; Helena, Montana

>>Ed Corrigan, Flathead County Attorney, Kenneth Park, Deputy County Attorney; Kalispell, Montana

>>>Submitted on Briefs: October 21, 2015
>>>Decided: December 1, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragaraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kermit Ty Poulson appeals the order of the Eleventh Judicial District Court, Flathead County, which revoked his suspended sentences and reimposed his two consecutive two-year commitments to the Montana Department of Corrections (DOC) for the convictions of felony criminal possession of dangerous drugs and felony bail-jumping.  The two convictions were filed as separate appeals, and because the appeals presented identical issues based on the same underlying facts, this Court granted Poulson's motion to consolidate the two appeals.  We affirm the District Court's order revoking Poulson's suspended sentences.

¶3      On August 9, 2012, Poulson pled guilty to felony criminal possession of dangerous drugs. Judge Ted O. Lympus presided over the proceedings.  Poulson failed to appear at his sentencing hearing set for November 1, 2012, and he failed to appear at the reset hearing on November 15, 2012.  Because he missed the hearings, Poulson was charged with, and pled guilty to, felony bail-jumping.  Judge Heidi J. Ulbricht presided over the proceedings for the bail-jumping charge.  On August 7, 2013, Judge Lympus held a hearing in aggravation or mitigation of sentence for both the possession and bail-jumping convictions.    Attorney Nick Aemisegger represented Poulson.    Judge

2

Lympus sentenced Poulson to two consecutive two-year commitments to the DOC for the two convictions with all time suspended and subject to conditions.

¶4     On November 20, 2013, Poulson filed a pro se motion titled "Motion for re-trial, law-suit, [h]earing for new evidence." Poulson requested a new trial, he alleged "attorney misconduct" by Aemisegger, and he alleged "procedural error and inmate mistreatment." Poulson's motion and accompanying affidavit alleged that Aemisegger intimidated him, and that he had pled guilty against his will. Poulson alleged that he was harassed and mistreated in jail and was not properly treated for his medical conditions. On December 2, 2013, the State responded to Poulson's motion as though it were a motion to withdraw a guilty plea.

¶5     Also on December 2, 2013, the State filed a petition to revoke Poulson's suspended sentences, alleging that Poulson had violated multiple conditions of the sentences. The alleged violations included failing to report to his probation officer and traveling out of state without permission.

¶6     On December 11, 2013, attorney Timothy Wenz filed a notice of appearance as counsel for Poulson for both the possession and the bail-jumping revocation proceedings. On December 23, 2013, the District Court held a hearing on the State's petitions to revoke. District Court Judge David M. Ortley presided over the hearing. Wenz appeared with Poulson. Poulson denied violating the conditions of his suspended sentences. Wenz and Judge Ortley discussed Poulson's pro se filing and the need for a hearing on the matter. Judge Ortley suggested setting the revocation hearings far enough out to allow for a hearing on Poulson's motion to withdraw his guilty plea. Judge Ortley ordered a

3

hearing on the revocation of Poulson's suspended sentence for the possession conviction at 9:00 a.m. on February 13, 2014, and another hearing to address the revocation of his suspended sentence for the bail-jumping conviction at 1:00 p.m. on February 13, 2014.

¶7 Poulson then wrote two letters to Judge Ortley. The first letter, postmarked December 27, 2013, stated: "I would like for you to request that Tim Wenz be court ordered to submit notarized Executive Clemency forms, or I will find conflict of interest with his candor of professionalism and fire him and proceed pro se, or with another attorney." The second letter was entitled a "Writ of Habeas Corpus for non-secular prosecution" and postmarked January 2, 2014. It stated: "I fire Tim Wenz and will set up arbitration, mediation, [and] reconciliation [t]hrough the Uniformed Arbitration Act. This is my writ." The envelope for the second letter stated as follows: "I might fire Tim Wenz [a]s council [sic] [b]ecause he is not [a] [r]eligious, Orthodox Jew. Please [a]dmonish him to [r]epresent me zealously." Copies of the letters were filed in the District Court files for both the possession and the bail-jumping proceedings on January 17, 2014.

¶8 On January 16, 2014, Judge Lympus filed an order vacating the hearings set by Judge Ortley. Judge Lympus' order stated that the hearing, now set for January 29, 2014, would address the revocations, Poulson's pro se motion to withdraw the guilty plea, and Wenz's January 15, 2014 motion to release Poulson on his own recognizance.

¶9 Judge Ortley presided over the January 29, 2014 hearing. Poulson refused to appear at the hearing unless the Governor attended. Because the Governor did not attend, neither did Poulson. During the hearing, Wenz suggested that Poulson was not fit to

4

proceed due to his mental health. Wenz also stated that Poulson filed a "writ of habeas corpus" which was mailed to Judge Ortley. Judge Ortley stated: "I was just handed . . . several pages of hand-printed things. . . . Yeah, so I'm not going to accept this stuff. And there's no evidence of it having been copied to the State." The record is unclear as to what precisely was handed to Judge Ortley during the hearing.

¶10 On January 30, 2014, Wenz moved for a psychiatric evaluation of Poulson and for a continuance due to the evaluation. Judge Lympus granted the motion for the evaluation and the continuance. On February 3, 2014, Judge Lympus reset the hearing for March 17, 2014.

¶11 On February 25, 2014, Poulson made another pro se filing entitled "Request Appointed Council [sic] for Change of Plea" which stated: "I have been advised by [K]ristina Neal . . . to request for counsel concerning [a] change of plea hearing." The filing further stated:

> P.S. I have [a] conflict of interest with Tim Wenz because he [is] communicating ex parte with [County Attorney] Ken Park. Also, he intimidates me, and doesn't listen, called me handicapped, is a hateful person and I feel tension. I am leary [sic] of his conduct, he rushes me, etc. I feel reasonable apprehension.

Kristina Neal is the Conflict Coordinator for the Office of the State Public Defender (OPD). On March 17, 2014, Neal moved for clarification of appointment of counsel for Poulson. OPD was appointed on December 6, 2013, to represent Poulson for the revocation proceedings; OPD appointed Wenz on December 10, 2013. Neal inquired whether the District Court intended to appoint OPD to represent Poulson on his pro se motion to withdraw his guilty plea.

5

¶12     On March 17, 2014, Judge Lympus presided over a hearing to address the revocations, Poulson's pro se filings, Wenz's motion to release Poulson on his own recognizance, and OPD's motion to clarify representation. Poulson appeared with Wenz as his counsel. Wenz reported that Poulson had not yet completed a psychological evaluation, and that Poulson no longer wanted an evaluation. Accordingly, Judge Lympus withdrew the request for an evaluation.

¶13     Poulson interrupted Judge Lympus, the prosecutor, and Wenz several times during the hearing. Poulson said he wanted to leave the courtroom and return to jail due to bias and discrimination. Poulson stated: "I want to have change counsel before the change of plea hearing." Judge Lympus tried to explain that the change-of-plea matter had not been addressed yet, but Poulson continually interrupted him. Poulson then left the hearing. Wenz objected to proceeding without Poulson present. Judge Lympus allowed the proceeding to go forward, noting that Poulson had voluntarily left the courtroom.

¶14     The State moved to dismiss Poulson's motion to withdraw his guilty plea. Wenz stated that he was not sure whether or not he could comment on Poulson's pro se filings; however, Wenz reported that Neal believed Poulson was probably entitled to representation on his motion to withdraw his guilty plea. Judge Lympus granted the State's motion to dismiss Poulson's motion to withdraw his guilty plea. He determined that this ruling rendered the motion for clarification of counsel moot. Judge Lympus then addressed the State's petition for revocation of Poulson's suspended sentences.

¶15     At the conclusion of the March 17, 2014 hearing, Judge Lympus found that Poulson violated the conditions of his suspended sentences and revoked both of his

6

suspended sentences. Poulson was recommitted to the DOC for two years for the drug conviction, and Judge Lympus reimposed the consecutive two-year DOC commitment for the bail-jumping conviction. The court recommended a placement at the Missoula Assessment and Sanction Center. Judge Lympus also denied Poulson's motion to be released on his own recognizance. Poulson appeals the revocation of both of his suspended sentences.

¶16 "We review a district court's denial of a request for appointment of new counsel for an abuse of discretion." *State v. Happel*, 2010 MT 200, ¶ 11, 357 Mont. 390, 240 P.3d 1016. An abuse of discretion occurs when a district court acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *State v. Gallagher*, 2001 MT 39, ¶ 4, 304 Mont. 215, 19 P.3d 817. "Claims of ineffective assistance of counsel present mixed issues of law and fact which we review de novo." *State v. Clary*, 2012 MT 26, ¶ 12, 364 Mont. 53, 270 P.3d 88.

¶17 "If a defendant asserts denial of effective assistance and requests appointment of new counsel, a district court must conduct an adequate initial inquiry to determine whether the defendant's claim is seemingly substantial." *Happel*, ¶ 14 (citations and quotation marks omitted). "[T]he threshold issue to determine whether a complaint is substantial is not whether counsel was ineffective, but rather whether the district court made an adequate inquiry into the defendant's claim." *Happel*, ¶ 14 (citations omitted). "[G]enerally, an initial inquiry may be adequate where the court considered the defendant's factual complaints together with counsel's specific explanations addressing

the complaints." *Happel*, ¶ 19 (citations and quotation marks omitted). When a district court fails to make such an inquiry, the matter must be remanded for further proceedings. *State v. Schowengerdt*, 2015 MT 133, ¶ 21, 379 Mont. 182, 348 P.3d 664.

¶18     Poulson argues that the District Court erred by not conducting an inquiry into his issues with his counsel. Poulson asserts that an inquiry was required because he alleged ineffective assistance by Wenz in his pro se filings and letters to Judge Ortley, and he requested appointment of new counsel during the March 17, 2014 hearing by stating: "I want to have change counsel before the change of plea hearing."

¶19     Poulson's request for new counsel at the March 17, 2014 hearing pertained only to his pro se motion to change his plea. Poulson has not appealed the denial of his pro se motion to change his plea, and that matter is not before us. All that is before this Court on appeal is the revocation of Poulson's suspended sentences, and Poulson did not request new counsel for these matters.

¶20     Poulson's pro se filings and letters to the District Court, to the extent they sought any ascertainable relief, did not request substitute counsel for the revocation proceedings. Instead, they were abstract complaints and focused on his pro se motion to withdraw his plea. "We have held that if a defendant does not request substitute counsel, the defendant 'fail[s] to implicate the 'seemingly substantial' analysis and the need for a subsequent hearing' on his complaints about his lawyer." *Clary*, ¶ 28 (quoting *State v. Racz*, 2007 MT 244, ¶ 20, 339 Mont. 218, 168 P.3d 685; and *State v. Molder*, 2007 MT 41, ¶ 33, 336 Mont. 91, 152 P.3d 722 (if a defendant does not request substitute counsel, a separate hearing is not required)). Although Poulson complained in general terms about

Wenz, he did not request that a different lawyer be appointed to represent him in the revocation proceedings. Therefore, Poulson did not meet the requirements to trigger a mandatory inquiry by the District Court into Poulson's issues with his counsel. We affirm the District Court's revocation of Poulson's suspended sentences.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The District Court's ruling was not an abuse of discretion. Affirmed.


/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE