FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0099

DA 20-0099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 243N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RUSTY DEWAYNE WAGONER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 16-0103
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Ryan P. Archibald, Attorney at Law, Hamilton, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

         Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  August 25, 2021

Decided:  September 21, 2021

Filed:

                _____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rusty Dwayne Wagoner appeals a September 18, 2019 amended judgment by the District Court, Thirteenth Judicial District, Yellowstone County, ordering a sentence of 20 years' incarceration (15 suspended), pursuant to Wagoner's plea of guilty to one count of sexual intercourse without consent, under § 45-5-503, MCA. We affirm.

¶3 Wagoner's sole issue on appeal concerns the adequacy of the District Court's inquiry into concerns Wagoner raised about the effective assistance of his counsel.

¶4 In February 2016, the Deputy County Attorney of Yellowstone County charged Wagoner by information with sexual intercourse without consent. In March, the prosecutor also filed a notice of intent to designate Wagoner a persistent felony offender pursuant to § 46-18-501, MCA (2016) (now defined at § 46-1-202(18), MCA).

¶5 Wagoner sought and received a continuance while he searched for private counsel to assist his defense. When Wagoner was unable to raise the money to hire an attorney, the District Court in June 2016 directed him to the Public Defender's Office, where Wagoner secured representation by attorney Cammi Woodward. Later, in January 2018, Vernon Woodward joined as co-counsel.

¶6     In August 2016, Wagoner waived his right to a speedy trial and made the first of numerous successful motions to continue trial. Finally, in March 2019, Wagoner changed his plea to guilty following an agreement with the Deputy County Attorney. Pursuant to the agreement, the prosecution would recommend a sentence of 20 years' imprisonment with 15 suspended if the findings of a psychosexual evaluation demonstrated Wagoner a "Level 1" risk of reoffending. The agreement permitted recommendation of a greater sentence if the determined risk level were higher.

¶7     At Wagoner's June 12, 2019 sentencing hearing, his attorney raised with the District Court that Wagoner was hesitant about proceeding given some dissatisfaction with the Woodwards' performance as his counsel. The judge cleared the courtroom to hold a brief hearing on the matter. Wagoner indicated mainly confusion when asked "[w]hat is the situation with their representation," expressing that his lack of understanding about the case left him fearful of its consequences. Wagoner first addressed the topic of potential witnesses that his counsel had decided against using; when the judge pressed him for clarification, however, he said that after talking to his attorneys, "there [were] reasons why they weren't using that . . . I've come to understand that part better."

¶8     Wagoner next expressed confusion about the plea agreement and sentencing, particularly the "levels" derived from the psychosexual evaluation. The judge offered Wagoner time to discuss these topics with his attorneys and asked for clarification whether Wagoner was upset about his lack of understanding or upset about his representation. To this, Wagoner said the following: "After talking to them briefly, the representation's been very good. There was little error—or there was some things that left me doubtful. But

3

after talking to them more thoroughly about it, it left me understanding that their job was really, really good."

¶9 The judge asked again whether Wagoner wanted the Woodwards to continue representing him, and Wagoner said he did. After emptying the courtroom so that Wagoner and his attorneys could confer for a few minutes in private, the District Court continued with the sentencing hearing.

¶10 The sole witness, a social worker who had performed Wagoner's psychosexual evaluation, recommended designating Wagoner a "Level 2" sexual offender. The State then requested a 20-year sentence with 10 years suspended. Wagoner's attorneys argued for 20 years fully suspended, and the judge issued a sentence of 20 years with 15 suspended. The State did not pursue the persistent felony offender designation.

¶11 Wagoner filed this appeal, arguing that the District Court's inquiry into his complaint about his representation was too rushed to adequately determine if it was substantive.

¶12 Decisions regarding the substitution of counsel are within the discretion of the district courts, and we review such decisions for abuse of discretion. *State v. Johnson*, 2019 MT 34, ¶ 13, 394 Mont. 245, 435 P.3d 64; *State v. Gallagher*, 1998 MT 70, ¶ 10, 288 Mont. 180, 955 P.2d 1371. "A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *Johnson*, ¶ 13.

¶13 Wagoner does not appeal substantive questions about whether he received effective assistance of counsel but rather the adequacy of the District Court's efforts to appreciate

4

his complaints about his attorneys. The Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution guarantee criminal defendants effective assistance of counsel "with whom [they] may mount an adequate defense." *Johnson*, ¶ 17; *see also Gallagher*, ¶¶ 14-15. Defendants may raise substantive ineffective assistance claims, typically on appeal or in postconviction proceedings, and this Court will address them applying a two-part test derived from federal case law. *See Johnson*, ¶ 16 n.1 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). Alternatively, a defendant may make a request during district court proceedings to substitute counsel.

¶14 The latter circumstance applies here. The district court must first determine whether the defendant presents a "seemingly substantial complaint" about his or her representation. *City of Billings v. Smith*, 281 Mont. 133, 136, 932 P.2d 1058, 1060 (1997). If the complaint is seemingly substantial, the court must then conduct a hearing to consider the merits of the defendant's concerns. *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016. The district court's decision should focus its analysis on the standards for good cause for substitution recently elaborated upon in *Johnson*. *Johnson*, ¶¶ 17-20 (requiring facts showing "(1) an actual conflict of interest; (2) an irreconcilable conflict between counsel and the defendant; or (3) a complete breakdown in communication between counsel and the defendant").

¶15 To determine whether a complaint about effective assistance of counsel is seemingly substantial, the district court may consider both the defendant's factual complaints and any explanations by counsel addressing those complaints. *Gallagher*, ¶ 15; *City of Billings*, 281 Mont. at 136-37, 932 P.2d at 1060; *Happel*, ¶ 14. However, this Court has noted that

5

a separate hearing is not required if the defendant makes no request to substitute counsel. *State v. Racz,* 2007 MT 244, ¶ 19, 339 Mont. 218, 168 P.3d 685.

¶16 Wagoner contends that the District Court failed to conduct an adequate inquiry by asking too few clarifying questions of him and his attorneys. He complains that the District Court's solution to Wagoner's stated confusion—to provide him additional time to confer with attorneys with whom there was an apparent rift—was not the critical analysis we require.

¶17 Importantly, Wagoner never actually requested that the District Court allow him to substitute counsel. Wagoner argues that despite his lack of request, it was his attorney who initially raised the issue and expressed doubt about her ability to continue as counsel. Wagoner notes that it was therefore clear to the judge the possible need for substitution. However, when the judge asked Wagoner directly whether he wished to continue with his counsel, he said he did. We find the District Court's colloquy with Wagoner and his counsel adequate.

¶18 The two substantive aspects of Wagoner's complaint appear to be his concerns about the use of witnesses and his lack of understanding of the plea negotiation and mechanics. The District Court addressed both points. When asked about the strategy with witnesses, Wagoner conceded that while he had been confused and suffered doubts, discussion with his attorneys had given him a better understanding of their reasons. The District Court also tried to ascertain the nature of Wagoner's confusion and dissatisfaction with his potential sentence. Wagoner conceded that his representation had been "very good" but clarified that he would like additional time to confer with his attorneys. The

6

District Court granted more time. The District Court's inquiry into the concerns raised was more than cursory, and it adequately attempted to discern whether "seemingly substantial" issues had arisen.

¶19 The District Court sufficiently afforded Wagoner the opportunity to raise any substantive representation concerns he had. Wagoner's attorneys negotiated a favorable plea agreement, and Wagoner received half the State's recommended prison term and avoided persistent felony offender status. Wagoner ultimately expressed to the judge his full understanding of his plea and the sentence ordered. The District Court's ruling was not an abuse of discretion.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE